**KANSAS CITY, Missouri, Plaintiff-Respondent,**

v.

**Joseph WISKUR, Defendant-Appellant.**

No. 23265.

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1961.

———◆———

Ray D. Jones, Jr., Kansas City, for appellant.

Richard H. Koenigsdorf, City Counselor, George C. Denney, Asst. City Counselor, Kansas City, for respondent.

BROADDUS, Judge.

On April 1, 1960, an information was filed in the Municipal Court of Kansas City charging the defendant Wiskur with the violation of Section 39–300 of the Revised Ordinances of said city. The above numbered ordinance relates to indecent acts, exhibitions and conduct. Defendant was convicted in the Municipal Court and fined $100. He appealed to the Circuit Court where the judgment of conviction was affirmed. Defendant thereafter perfected his appeal to this court.

■ An examination of the information will disclose that it sets forth no facts charging an offense. And there can be no doubt but that the rule is that an information charging violation of an ordinance without specifically alleging facts amounting to violation is insufficient. City of St. Louis v. Polar Wave Ice & Fuel Co., 317 Mo. 907, 296 S.W. 993, 54 A.L.R. 1082. The sufficiency of a complaint in a prosecution for violation of an ordinance must be determined by the same rules as are applicable in other civil cases. Ex parte Corvey, 220 Mo.App. 602, 287 S.W. 879; City of Cape Girardeau v. Smith, Mo.App., 61 S.W. 2d 231.

■ It is true that defendant did not challenge the sufficiency of the informa-tion in the trial court. However that may be, under our statute and rules of civil procedure "questions as to the sufficiency of pleadings to state a claim" can be raised for the first time in the appellate court. Section 512.160 RSMo 1949, V.A.M.S.; 83.13(a) Rules of Civil Procedure, V.A. M.R. See also Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73, 77 and Pettus v. City of St. Louis, 362 Mo. 603, 242 S.W.2d 723, syl. 5.

The judgment is reversed.

All concur.