CITY OF RAYTOWN, Plaintiff-Respondent,

v.

Dona Lee ROACH, Defendant-Appellant.

No. 23599.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1962.

Rollie R. Baldwin and W. Hugh McLaughlin, Kansas City, for appellant.

No appearance, for respondent.

CROSS, Judge.

On October 9, 1961, a judgment was entered in the city court of Raytown, Missouri, convicting defendant of violating that city's Ordinance No. 489, entitled "An Ordinance Prohibiting Careless, Wreckless(sic) and Imprudent Driving". Defendant duly appealed to the circuit court. That court rendered its judgment affirming the conviction, from which defendant now appeals.

The sole issue raised by this appeal is whether or not the complaint filed against defendant is legally sufficient as a basis for her prosecution. Defendant contends that the document filed as a complaint does not allege any facts constituting the charge of any offense, whatsoever. This contention was first made in the circuit court. The record shows that prior to trial in that court defendant filed a motion for judgment of acquittal on the ground that there was no valid information or complaint lodged against her. The motion was overruled. Defendant ineffectively renewed her attack upon the validity of the complaint in her motion for a new trial.

Plaintiff city makes no appearance on this appeal and has filed no brief.

The purported complaint is on a printed form which had been only partially filled out and signed by two arresting police officers. The form is entitled "Missouri Uniform Traffic Ticket" and is essentially identical to form No. 37.1162 as promulgated by the Supreme Court for suggested use in municipal and traffic court cases. The form recites (in printing) that defendant "DID UNLAWFULLY . . . (operate a motor vehicle) . . . AND THEN AND THERE DID COMMIT THE FOLLOWING OFFENSE, TO-WIT:". Immediately following the quoted printed recital appear the words "SIX PRINCIPAL CAUSES OF ACCIDENTS:", followed by a listing of six offenses, to-wit: (1) speeding, (2) disobeyed signal, (3) disobeyed stop sign, (4) improper turn, (5) improper

passing, and (6) improper lane use. The six offenses are separately listed in "boxes" for use in indicating, by check mark, the offense charged. No mark whatsoever appears to indicate any one of the enumerated offenses. Immediately following the above described part of the printed traffic ticket there is a separate bracketed space bearing the printed legend "OTHER VIOLATIONS (DESCRIBE)". In this space there appears the following, written by hand: "C & I ACC". Another space contains the printed words "IN VIOLATION OF ORDINANCE NO.     " in which had been written the numbers "489". Nothing further appears on the traffic ticket that can be construed as a designation of any offense charged against defendant.

■■■ Prosecutions for violation of municipal ordinances are regarded as civil actions, although it has been said that they have quasi criminal aspects. City of St. Louis v. Pope, Mo.App., 129 S.W.2d 106; City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935. Hence, our courts have consistently held that the sufficiency of the complaint in such cases is to be determined by the same rules that are applicable in other civil actions. Kansas City v. Wiskur, Mo.App., 343 S.W.2d 89; Ex parte Corvey, 220 Mo.App. 602, 287 S.W. 879. More to the point—Missouri courts have recognized and adhered to the general rule that the complaint must specifically allege the facts which amount to the offense defined and forbidden by the ordinance. City of St. Louis v. Polar Wave Ice & Fuel Co., 317 Mo. 907, 296 S.W. 993, 54 A.L.R. 1082. Or, as conversely stated in Kansas City, Missouri v. Wiskur, supra, " * * * there can be no doubt but that the rule is that an information charging violation of an ordinance without specifically alleging facts amounting to violation is insufficient." This general rule, developed by court decision and rules of civil procedure, has been supplemented by Rule 37.18 of the Missouri Rules of Practice and Procedure in Municipal and Traffic Courts, V.A.M.R., as promulgated by

the Supreme Court, which declares that "The information or complaint shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." We observe no disparity between the general rule and Rule 37.18. The latter is essentially a codification of the former.

■ There is good reason to require of an information or complaint in a city prosecution that it contain specific allegations of the facts constituting the particular acts charged against the defendant. The prime purpose of such a pleading (as can be said of the petition in any civil action) is to inform the defendant of the nature of the action lodged against him in order that he may defend against it. A further office of the pleading is to furnish a basis for an orderly trial and the rendition of a judgment, and to bar another prosecution for the same offense. De Mott v. Great American Insurance Co. of New York, 234 Mo.App. 31, 131 S.W.2d 64; City of St. Louis v. Stubley, Mo.App., 154 S.W.2d 407.

■ The defendant is entitled to know the nature and cause of the accusation made against him. He should not be required to guess at what he is to defend against or speculate as to the meaning of the allegations in the complaint. Its averments should be so clear and distinct and set forth with such precision and fullness that there could be no difficulty in determining what evidence would be admissible under them; that the court and jury may know of what they are to acquit or convict the defendant; and, that the record may show of what the defendant has been put in jeopardy.

■ The complaint in this case amounts to no more than a statement that "Dona Lee Roach" * * * did commit the * * * offense * * * (of) * * * C & I Acc * * *". We ascribe no legal meaning to the symbols "C & I Acc" and regard the purported complaint as void of any factual allegation. It is not "a plain, concise and definite written statement of the essential facts constituting the offense charged". Therefore, it does not satisfy the requirements of Rule 37.18 or of general law.

Even if we indulged in conjecture and arrived at the speculative conclusion that "C & I Acc" was intended to represent the words "careless and imprudent driving—resulting in an accident" (which we refrain from doing) we would still regard the complaint as one completely lacking specific allegations of fact. The mere averment that defendant committed the offense of careless and imprudent driving would be no more than a conclusion of law and would not constitute the requisite statement of essential facts constituting the offense charged. See State v. McCloud, Mo.App., 313 S.W.2d 177.

It is our conclusion that the complaint is insufficient and without legal effect, and that the trial court erred in refusing to enter a judgment of acquittal.

Therefore, the judgment is reversed.

All concur.