**CITY OF ST. LOUIS, Missouri, Respondent,**

**v.**

**Joseph E. FLYNN, Appellant.**

**No. 50490.**

Supreme Court of Missouri,

Division No. 2.

Jan. 11, 1965.

Thos. J. Neenan, City Counselor, Thomas F. McGuire, Daniel T. Tillman, Assoc. City Counselors, St. Louis, for respondent.

Carl E. Starkloff, St. Louis, for defendant-appellant.

STOCKARD, Commissioner.

This proceeding was commenced in the Police Court of the City of St. Louis, and an appeal was taken to the St. Louis Court of Criminal Correction. There an amended information was filed, and after trial appellant was found guilty and fined $250. The appeal to this court is on the theory that the constitutionality of a city ordinance is challenged. Art. V, Sec. 3, Constitution of Missouri, V.A.M.S.

By the amended information it was charged that "on or about the 29th day of November, 1962" appellant failed "to maintain the premises [previously described and of which he was the owner] in good repair and structurally sound, to wit: front steps cracked and broken; walls, chimneys,

and foundation need tuckpointing; second floor porch and banister in state of general disrepair." It was then alleged that appellant had been notified in writing by the building commissioner to correct the above conditions, and that the above acts were "in violation of Ord. 50549, sec. 390.016 thru 394.020 & 1.100 as amended by Ord. 51637, sec. 390.020 thru 394.090."

Ordinance 50549 constituted "The Municipal Code" of the City of St. Louis of which Chapters 390 through 394, entitled "Housing," were a part. Chapter 390 defines various terms used in the ordinance including "dwelling unit" which was defined as "Any room or suite of rooms with facilities for regular cooking and occupied by a person or a family." Section 390.020 provides that "Every building used in whole or in part as a home or residence of a single family or person and every building used in whole or in part as a home or residence of two or more persons or families, living in separate apartments, shall conform to the requirements of Chapter 390 to 394, inclusive, * * *." Certain sections of Chapter 391 provide for minimum "housing construction requirements" pertaining to windows in "habitable rooms;" sinks and toilets in "dwelling units;" and rooms in a basement of an "existing building." Section 391.060 provides that "The owner shall keep every dwelling unit and all the parts thereof in good repair, structurally sound and fit for human habitation," and that "All steps, * * * porches, * * * chimneys, * * * interior and exterior walls and ceilings shall be kept in good, sound, safe and usable condition." Chapter 392 provides for the enforcement of the housing regulations, and it is there stated that after notice of deficiencies and expiration of the time to make repairs, the failure of an owner to comply shall be a misdemeanor. Section 1.100, referred to in the amended information, provides the penalty for a violation of the Municipal Code.

■ Subsequent to the date of the alleged offense, and prior to the filing of the amended information, Ordinance 50549 was repealed, including chapters 390 through 394, but the repealing ordinance, No. 51637, enacted a new housing law and contained the usual saving clause to the effect that violations of Ordinance 50549 prior to its repeal should not be affected thereby, and that prosecutions for such offenses should be instituted and proceeded with as if no repeal had occurred. The reference to Ordinance 51637 in the amended information does not purport to be limited to the repealing and saving clauses. In addition, it is not strictly correct to say that Ordinance 50549 was "amended" by Ordinance 51637. But, appellant could not properly be charged with a violation of an ordinance not in effect at the time of the alleged offense, and therefore, we construe the reference to be to the repealing and saving clauses, and beyond that as surplusage.

We look now to the evidence in this case. An inspector of the city building department testified that he inspected appellant's building about November 29, 1962, and he "observed the building to be in a state of disrepair," that the rear porch on the second floor "was deteriorated to a point where the floor joists were pulled apart, the flooring had dropped," and also, as to the chimney on the east side, "the mortar was missing from the brick and was extended out from the building, the chimney was broken apart, it was cracked on the building, and the front side facing north and the rear stairwell, the stone was missing." Several photographs were introduced in evidence and they show the conditions described as to the front steps and the porch. The photographs do not show the condition described as to the chimney. One photograph shows a settling crack in a brick wall which was minor in nature. There was no evidence that the "walls, * * * and foundation need tuckpointing."

We turn now to the issue of whether this court has jurisdiction of this appeal. Of the ten points in appellant's brief, nine are

challenges to the constitutionality of part or all of *Ordinance 51637*, but as previously mentioned appellant could not properly have been charged with a violation of that ordinance, and the only portions thereof which can be material to the pending case are the repealing and saving clauses, neither of which is challenged. Appellant asserts that he has challenged the constitutionality of Ordinance 51637 because he was charged with a violation thereof in the amended information. We note also that the judge of the Court of Criminal Correction found appellant "guilty, as charged, in the information."

■■ A constitutional question for purposes of vesting this court with jurisdiction does not have to be meritorious, but it must exist. It appears that appellant's challenges reasonably could be construed as being made against the corresponding provisions of the ordinance in effect at the time of the alleged violations. The challenges are of the nature which would be applicable to either ordinance. Although we find no precedent for this unusual situation, we conclude that jurisdiction of this appeal is in this court.

■ In the tenth point in appellant's brief he asserts that the court erred in overruling his motion to dismiss the amended information for the reason that it "did not follow the language or substance of the ordinance," which we construe to mean that it did not allege an offense, and appellant also asserts that the evidence was insufficient to show a violation of "the ordinance." Although "the ordinance" is not identified by number we construe this as referring to Ordinance 50549, the only one of which appellant could have been found guilty. By reason of our ruling on this assignment of error, we find it unnecessary to rule whether Ordinance 50549 is unconstitutional for any of the reasons advanced by appellant. However, jurisdiction of the case once acquired because of a constitutional issue is not divested because the case is decided on other grounds. McCord v.

Missouri Crooked River Backwater Levee District of Ray County, Mo., 295 S.W.2d 42, 44; In re Search Warrant of Property, etc., Mo., 369 S.W.2d 155.

■ Respondent does not attempt to demonstrate what provision of Ordinance 50549 is relied on as a basis for the amended information. It does no more than state that "The information follows the language of the Ordinance 50549, Section 390.010 through 394.020," which, we add by way of comment, consists of ten pages in respondent's brief printed in small type. Section 390.020 of Ordinance 50549 requires that every "building used in whole or in part as a home or residence of a single family or person and every building used in whole or in part as a home or residence of two or more persons or families, living in separate apartments, shall conform to the requirements of Chapters 390 to 394, inclusive, * * *." There is no testimony whatever in this case that the building owned by appellant was used as a home or residence by anybody or that it contained separate apartments. At one time in his testimony appellant referred to a tenant of the building, but an objection by respondent was sustained. Photographs in evidence might be considered to indicate that the building was designed for residential purposes, but that would be speculative. However, we cannot find any provision of "Chapters 390 to 394" which was violated by the acts and conditions alleged in the information. The only provision which even arguably is applicable is contained in Section 391.060 and which provides that "The owner shall keep *every dwelling unit* and all the parts thereof in good repair, structurally sound and fit for human habitation," and which also, with reference to dwelling units, contains the previously quoted provisions pertaining to "steps, * * * porches, * * * chimneys, * * * [and] interior and exterior walls." But, as noted, a "dwelling unit" is defined in the ordinance as "any room or suite of rooms with facilities for regular cooking and occupied by a person or a family." For the purposes of determin-

ing whether this ordinance was violated by appellant we are limited to that legislative definition of the term. The record in this case is totally devoid of any evidence from which it might even be inferred that appellant's building was a "dwelling unit" within the meaning of Ordinance 50549. In fact, there is no evidence that it contains a room or suite of rooms, and there is no evidence that there are any cooking facilities of any type or nature. The most that can be said is that the evidence shows appellant owned a brick building (discernible from a photograph) at the stated address in the City of St. Louis with a chimney, front steps, a second floor rear porch, and possibly a tenant.

■ Prosecutions by municipalities for the violation of a municipal ordinance have been held to be civil actions to recover a debt or penalty due the city for the infraction of the ordinance. City of Webster Groves v. Quick, Mo., 319 S.W.2d 543; City of Raytown v. Roach, Mo.App., 360 S.W.2d 741. Therefore, the sufficiency of the complaint or information is to be determined by the same rules that are applicable in other civil actions. Kansas City v. Wiskur, Mo.App., 343 S.W.2d 89. But even so, the "courts have recognized and adhered to the general rule that the complaint must specifically allege the facts which amount to the offense defined and forbidden by the ordinance." City of Raytown v. Roach, supra; City of St. Louis v. Polar Wave Ice & Fuel Co., 317 Mo. 907, 296 S.W. 993, 54 A.L.R. 1082. Stated conversely, "an information charging violation of an ordinance without specifically alleging facts amounting to violation is insufficient." Kansas City v. Wiskur, supra. In this case, considered in connection with the terms and provisions of Ordinance 50549, neither the facts alleged nor the facts established by evidence constitute a violation of the ordinance, and for that reason the judgment appealed from cannot stand.

■ We make this further comment concerning a matter which could be considered to be included in the general assignment of error that the evidence was insufficient. Section 392.040 of Ordinance 50549 requires a written notice to the owner of a building "of the manner in which such building does not conform" to the requirements of Chapters 390 and 391. By Section 392.050 the owner has a minimum of sixty days from the issuance of the notice to remedy the conditions therein specified, and he shall not "be held responsible for any condition that is not specifically described in such notice." In this case the notice relied on by the city was addressed to "Mrs. Rosemary Flynn, 1441 Norman Place, St. Louis 22, Missouri." This notice was not directed to appellant, and the address of Mrs. Flynn is not the address of appellant. There is no showing whatever in the record that this notice, or that any notice made pursuant to Section 392.040, was delivered to or came to the attention of appellant at least sixty days prior to the date of the alleged offense.

The judgment is reversed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

STORCKMAN, P. J., and EAGER, J., concur.

FINCH, J., not participating because not a member of the court when cause was submitted.