**KANSAS CITY, Missouri, Respondent,**

v.

**James L. FRANKLIN, Appellant.**

**No. 24366.**

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1966.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 4, 1966.

Lee D. Seelig, Kansas City, for appellant.

Herbert C. Hoffman, City Counselor, George L. DeBitetto, Asst. City Counselor, Kansas City, for respondent.

HOWARD, Judge.

In this cause there was an attempt to charge the defendant below with the offense of driving while under the influence of intoxicating liquor. From a conviction in municipal court he appealed to the circuit court where he was again convicted. On appeal to this court the transcript does not contain any of the evidence presented below and the sole question for our consideration is whether or not there was a valid charge of violation of the applicable ordinance of the city of Kansas City, Missouri.

The charge is contained in what is labeled a "Missouri Uniform Traffic Ticket". This is very similar to the uniform traffic ticket set out as a form in Civil Rule 37.1162. However, the traffic ticket used here has been rearranged and changed from the form provided in the rule. This traffic ticket is a printed form with certain spaces to be filled in and certain squares to be checked to indicate the offense with which the defendant is charged and to give certain other desired information. The transcript contains a copy of the ticket here in question. Although some of the printing and writing thereon is almost illegible, it appears that

the following is a fair résumé of the charge attempted to be made by this ticket:

"IN THE MUNICIPAL COURT ⎫
OF KANSAS CITY, MISSOU- ⎪
RI STATE OF MISSOURI, ⎬ ss
COUNTY OF JACKSON- ⎪
CLAY-PLATTE ⎭

"The undersigned peace officer complains and states that: On or about: *12-24-64* at or near (location): *5905 St. John,* day of week: *Thurs.* at about (time): *5:01 P.M. James L. Franklin* (address): *6104 St. John* city and state: *K.C. Mo.* driver's license No.: *F180 5040 848 80 562* state: *Mo.* did unlawfully *[(operate a vehicle) (walk) (park a vehicle)]* within the city limits and then and there commit the following offense **[speeding – disobeyed signal – disobeyed stopsign – improper turn – improper passing – improper lane use] Description of above or other violation: *driving while under the influence of intoxicating liquor involved* in violation of Ordinance No. 24239 as amended, Chapter 58 *520A.* Above complaint is true as I verily believe *Ptl Dennis A. Gile.* On information undersigned prosecutor complains and informs court that above facts are true as he verily believes. *K. L. Gottschall* assistant city counsellor."

In the above quotation the matter appearing in italics is filled in with writing by the officer and the matter appearing in normal print is printed on the Missouri Uniform Traffic Ticket form.

The printed matter indicated within the brackets designated by one asterisk is specifically designed to give an officer a choice of allegations that the defendant did "operate a vehicle" or "walk" or "park a vehicle". No such designation is made on this ticket. The printed matter enclosed by the brackets indicated by two asterisks gives a choice of six different offenses to be indicated by check marks placed in boxes ap-

pearing on the ticket for each such violation. No check mark appears on this ticket in these spaces and thus none of these six possible violations are alleged.

■ The words "driving while under the influence of intoxicating liquor involved" appear in a box or space on the ticket at the top of which is printed the instruction: "Description of above or other violation". Since the ticket did not indicate in the appropriate place whether the defendant was operating a vehicle or walking or parking a vehicle and since the ticket did not indicate a violation of any of the six listed violations by appropriate check mark, we are limited to the words written in the space headed, "Description of above or other violation" for all of the charge against this defendant. Thus, from the words "driving while under the influence of intoxicating liquor involved", we must find all of the allegations necessary to properly charge a violation of the ordinances involved.

The words "while under the influence of intoxicating liquor" would seem to describe defendant's condition and would not leave any question. We are therefore left to a determination of the meaning and sufficiency of the words "driving" and "involved" as these words relate to the ordinances in question. Various omissions in the preceding part of the ticket add difficulty to this determination.

Section 58.010 of the Revised Ordinances of Kansas City, Missouri contains definitions of terms used in chapter 58. Among the definitions are the following: "Railroad train.—A steam engine, electric or other motor, with or without cars coupled thereto, operated upon rails." "Vehicle.—Every device in, upon or by which any person or property is or may be transported or drawn upon a public street, except devices moved by human power or used exclusively upon stationary rails or tracks." Section 58.620 (a) provides as follows: "No person who is under the influence of intoxicating liquor shall drive or be in actual physical control of any vehicle or railroad train."

We might point out here that as shown in the above quotation from the ticket the defendant is charged with a violation of Ordinance No. 24329 Chapter 58.620A. The above quoted prohibition against driving a vehicle while under the influence of intoxicating liquor (Section 58.620) was enacted as a part of Ordinance No. 30154, effective July 24, 1964. It is noted that Ordinance No. 24329 which the defendant is charged with violating became effective March 4, 1960, and apparently was superseded in that part pertaining to driving while under the influence of intoxicating liquor by Ordinance No. 30154 effective July 24, 1964. Since the offense is alleged to have occurred on or about December 24, 1964, it is apparent that this later ordinance was in effect at the time of the offense and that the former ordinance quoted in the ticket was not applicable at that time. We do not rest our decision on this discrepancy in the citation of the ordinance, but mention it for the purpose of showing the difficulty and confusion to be encountered by any one who attempts to determine what the defendant is, in fact, charged with.

Section 58.620(a) prohibits any one who is under the influence of intoxicating liquor from driving or being in actual physical control of any *vehicle* or *railroad train*. Although the city in its brief herein contends that the ticket charges the defendant with operating a vehicle, the officer who made out the ticket expressly refrained from so designating in the appropriate place as stated above. The ticket charges the defendant was "driving", but it does not say what he was driving. The ordinance covers both a "vehicle" and a "railroad train" but if defendant was driving anything else it is not prohibited by this ordinance. Thus the charge is ambiguous to say the least. Further, anything which would otherwise be a vehicle is excluded from the definition of a "vehicle" when "it is moved by human power". Thus, if defendant were driving a bicycle, or any other device moved by

human power, he would not be guilty of operating a vehicle in violation of Section 58.-620(a). Likewise, the definition of a vehicle does not include a herd of animals or many other things to which the word "driving" might logically and grammatically be applied.

The city in its brief contends that another section of the ticket indicates that defendant should reasonably know that he was charged with operating a vehicle instead of a railroad train. This is based on two check marks indicating information concerning the incident. They appear in a box which is designated on the ticket "CONDITIONS THAT INCREASED SERIOUSNESS OF VIOLATION" and, within that general heading they are designed to indicate that defendant was involved "in accident" with a "vehicle" instead of a "pedestrian" and that the "accident" was a "sideswipe". This would only indicate that the defendant was involved in a sideswiping accident with a vehicle. This could apply whether defendant was driving a vehicle or a bicycle or a railroad train or any other device or thing. It furnishes no help in determining the sufficiency of the charge against defendant. It forms no part of the charge.

Thus the use of the word "driving" does not clearly and precisely charge defendant with the commission of an act which is prohibited by the ordinance. On the contrary, the use of the word "driving" standing alone as it does, conveys only an uncertain and ambiguous meaning.

The use of the word "involved" at the tag end of the phrase "driving while under the influence of intoxicating liquor involved" written on the ticket adds further obscurity and ambiguity. When one reaches this word in his reading he is brought up short. The intent and meaning of the preceding words are made doubtful and obscure. While the city contends that the use of the preceding words constitute an unambiguous and definite primary charge against the defendant, the use of the word "involved"

creates a possible connotation that the words which immediately precede it are in fact merely subsidiary and ancillary to another independent primary charge against the defendant. Thus if the defendant had been properly charged with speeding at the appropriate place on the ticket the words we are here considering might, quite naturally, have been recorded in the same manner to show a matter in aggravation and to preserve the fact for evidentiary use at the trial on the primary charge. The word is not grammatically appropriate if this is in fact intended to be a primary and independent charge, it only detracts from and injects confusion into the meaning of the words which precede it. It creates doubt as to the intent of the complaining officer who wrote the ticket and the assistant city counsellor who formalized the charge by his endorsement.

The city contends that this word "involved" is mere surplusage and should be ignored. The word, by its very inappropriateness sticks out like a sore thumb; it can not be ignored. We must resolve the doubts and ambiguities it creates.

■ We must remember that the charge of a violation of a city ordinance, even though it be a matter civil and not criminal in nature, must allege all of the facts necessary to show such violation. In our case the charge must allege facts constituting an act prohibited by Section 58.-620(a). Unless such facts are alleged, no valid charge is made. See City of St. Louis v. Flynn, Mo., 386 S.W.2d 44; Kansas City v. Wiskur, Mo.App., 343 S.W.2d 89; State of Missouri v. McCloud, Mo.App., 313 S.W.2d 177. The requirements which a charge of violating a city ordinance must meet are clearly and cogently set out in City of Raytown v. Roach, Mo.App., 360 S.W.2d 741. This case is particularly appropriate since it involved a charge made by use of a "Missouri Uniform Traffic Ticket". We adopt the reasoning and conclusions of this case and quote them without further discussion. It was there said, l. c. 742:

"Prosecutions for violation of municipal ordinances are regarded as civil actions, although it has been said that they have quasi criminal aspects. City of St. Louis v. Pope, Mo.App., 129 S.W.2d 106; City of Clayton v. Nemours, 237 Mo. App. 167, 164 S.W.2d 935. Hence, our courts have consistently held that the sufficiency of the complaint in such cases is to be determined by the same rules that are applicable in other civil actions. Kansas City v. Wiskur, Mo. App., 343 S.W.2d 89; Ex parte Corvey, 220 Mo.App. 602, 287 S.W. 879. More to the point—Missouri courts have recognized and adhered to the general rule that the complaint must specifically allege the facts which amount to the offense defined and forbidden by the ordinance. City of St. Louis v. Polar Wave Ice & Fuel Co., 317 Mo. 907, 296 S.W. 993, 54 A.L.R. 1082. Or, as conversely stated in Kansas City, Missouri v. Wiskur, supra, '* * * there can be no doubt but that the rule is that an information charging violation of an ordinance without specifically alleging facts amounting to violation is insufficient.' This general rule, developed by court decision and rules of civil procedure, has been supplemented by Rule 37.18 of the Missouri Rules of Practice and Procedure in Municipal and Traffic Courts, V.A.M.R., as promulgated by the Supreme Court, which declares that 'The information or complaint shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.' We observe no disparity between the general rule and Rule 37.18. The latter is essentially a codification of the former.

"There is good reason to require of an information or complaint in a city prosecution that it contain specific allegations of the facts constituting the particular acts charged against the defendant. The primary purpose of such a pleading (as

can be said of the petition in any civil action) is to inform the defendant of the nature of the action lodged against him in order that he may defend against it. A further office of the pleading is to furnish a basis for an orderly trial and the rendition of a judgment, and to bar another prosecution for the same offense. De Mott v. Great American Insurance Co. of New York, 234 Mo.App. 31, 131 S.W.2d 64; City of St. Louis v. Stubley, Mo.App., 154 S.W.2d 407."

It might be contended that in this day and age and in view of our automotive society, that the failure to specifically allege what the defendant was "driving" did not constitute a fatal defect because the use of the word "driving" alone carries with it a connotation that he was driving an automobile. This might be said to be a reasonable conclusion from everyday experience and it might, in fact, be true in 999 cases out of a 1000 but even such elementary allegations are necessary when they are so basic to the charge. Thus in State v. Bartlett, Mo. App., 394 S.W.2d 434, the Springfield Court of Appeals was considering an information which attempted to charge defendant with speeding. It was therein alleged that the defendant operated a 1962 Mercury at speeds up to 85 mph. However, it did not allege that such operation was on a highway. The court held that such allegation could not be inferred; that it was fundamental and necessary to a valid charge and that the information was fatally defective without such allegation.

In the case at bar the ticket charges that defendant, somewhere in the neighborhood of 5905 St. John, was driving something unknown while under the influence of intoxicating liquor "involved". The prohibition contained in Section 58.620(a), supra, applies only to one who is driving a vehicle or a railroad train. It is not alleged that defendant was driving either. At best the use of the word "involved", creates an ambiguity or uncertainty as to whether or not defendant is charged with performing some act while under the influence of intoxicating liquor within the prohibition of such section. At worst the use of this word negatives the charging effect of the words "while under the influence of intoxicating liquor" and converts them into a mere recital of an evidentiary fact incident to some other (unexpressed) primary charge.

■ For these reasons we conclude that the traffic ticket here considered does not constitute "a plain, concise and definite written statement of the essential facts constituting the offense charged" as required by Civil Rule 37.18, V.A.M.R., and the case law referred to above. The judgment of conviction entered by the trial court is therefore reversed and the defendant discharged.

All concur.