KANSAS CITY, Missouri, Respondent,

v.

George E. GRAHAM, Appellant.

No. KCD 26486.

Missouri Court of Appeals,
Kansas City District.

Nov. 5, 1973.

Motion for Rehearing and/or Transfer
Denied Dec. 3, 1973.

Thomas J. O'Brien, Kansas City, for appellant.

Louis W. Benecke, City Prosecutor, David C. McConnell, Asst. City Prosecutor, Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

SWOFFORD, Judge.

The appellant was charged under Section 26.13, Revised Ordinances of Kansas City, Missouri, as amended, with the misdemeanor of disturbing the peace. His trial in the Municipal Court resulted in his conviction and the imposition of a fine of $25.00. He appealed to the Circuit Court of Jackson County, Missouri and upon a trial *de novo* in that court he was found guilty and fined $10.00. He appealed from this conviction to this court.

The transcript of the record on appeal filed in this court does not contain any of the testimony presented in the court below. It is noted therein that such was "omitted at the request of the appellant". The transcript does, however, contain the information upon which the appellent was charged and tried and the Ordinance, No. 26.13, both of which were entered as evidence before the court below. Counsel for the city approved the transcript in that condition and filed no supplemental transcript. Thus the parties in this appeal narrowly confine the issues for our review to matters of law.

Appellant makes two points. *First*, he asserts that the "information or complaint" fails to charge him with the commission of an offense under the ordinance. *Second*, he asserts that the "information or complaint" was defective in form because it was not verified or submitted to the trial court "under oath".

The pertinent parts of the information are as follows:[1]

"* * * * * * * *      Information No. G 109218

On or about      1–13–72
In Kansas City, Missouri      1301 Wyandotte
At about (time)      10:48 P.M.
Last name, first, middle      Graham George Ellis
Address      230 Blue Sage      Baldwin, Mo
* * *
Did unlawfully within the aforesaid City, County and State commit the following offense: Mr. Graham did disturb the Peace of Mr. Jim Colby, 1301 Wyandotte Holiday Inn by using loud profane language and refusing to leave the premises when asked by Mr. Colby. In violation of the Revised Ordinances of Kansas City, Missouri 1966, As Amended, Chapter 26 Section 13 Penalty Chapter
Chapter _____ Section 117.

Above Complaint is True As I Verily Believe
Complainant _____.
Officer      Sgt. Alfred Long      * * *

On information and upon official oath the prosecutor complains and informs the Court that these facts are true as he verily believes Renfro, Assistant City Counselor

Filed January 25, 1972
* * * * * * * "

Directing our attention to the second contention of appellant, that this information or complaint was defective because not verified or submitted under oath to the trial court and thus violated the requirements of Rule 37.08, V.A.M.R., we find no merit to this point. There is a difference between a complaint by a layman and an information filed by a prosecuting authority. Under the provisions of Rule 37.08, a layman's complaint must be "verified by oath or affirmation". However, such complaint can proceed no further until the prosecuting authority either adopts the complaint or files his own complaint or information. Rules 37.07, 37.08; University City v. Miller, 469 S.W.2d 941 (Mo.App. 1971).

Rule 37.18 provides in pertinent part:

"Information or Complaint—Form and Signature

_____
1. The portions underlined are in script and are not part of the printed form.

The information or complaint shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * * An information shall be signed by the prosecutor and a complaint by the complainant. Neither need contain a formal commencement, a formal conclusion or any other matter not necessary to such statement of essential facts. * * *"

■ The charge before us is denominated an "Information" and is signed by the Assistant City Counselor "upon official oath" and he states "that these facts are true as he verily believes". We hold that this information is sufficient as to Form and Signature and that there is no merit in appellant's second point on this appeal. See Kansas City v. Morris, 448 S.W.2d 328 (Mo.App.1969); Kansas City v. Narron, 493 S.W.2d 394, 400, 401 (Mo.App.1973).

Appellant's first point, however, is meritorious and requires a reversal of the conviction.

The municipal ordinance under which appellant was charged provides:

"Sec. 26.13. *Disturbing the peace.*

Whoever shall, in the city, disturb the peace of any person by unseemly profane or obscene language *calculated to provoke a breach of the peace,* or by violent, tumultuous, offensive or obstreperous conduct or carriage, or by loud or unusual noises or by assaulting, striking or fighting another, or shall, in the city, allow or permit *any such conduct or language* in or upon any house or premises owned or occupied by him or under his management or control, *so that any other person in the vicinity is disturbed thereby,* shall be deemed guilty of a misdemeanor." (Emphasis ours)

It is an understatement to say that this ordinance is loosely drawn and ambiguous. Nothing points to the truth of this characterization more eloquently than the diametrically opposite interpretations placed upon it by the parties to this appeal. It is our task to try to find the intent of the municipality when it was enacted and to then determine whether or not the information before us properly charged the appellant with a violation thereof. Our research has not disclosed, and counsel has not cited, any Missouri decision directly involving this or any identical ordinance.

■■ It is historically true that an essential element of a breach of the peace is a disturbance of public order and tranquility by acts, conduct or words tending to create public tumult or incite others to break the peace. 12 Am.Jur.2d, Breach of Peace, etc., Section 4, p. 666. Decisions recognize the further principle that a person may be guilty of a breach of the peace by such acts or conduct even though the element of intent is lacking and even though an actual disruption of public order does not, in fact, occur. 12 Am.Jur.2d, Breach of Peace, etc., Section 5, p. 667.

■ In Missouri, it has been held that "breach of the peace" is a "generic term which includes all violations of public peace or order, and acts tending to a disturbance thereof". City of Plattsburg v. Smarr, 216 S.W. 538, 539 (Mo.App.1919); City of Louisiana v. Bottoms, 300 S.W. 316, 317 (Mo.App.1927); 11 C.J.S. Breach of the Peace, § 1, p. 817.

It becomes clear, in the light of this principle, that *public* order and *public* peace are inevitably involved in the offense and that the framers of Section 26.13 here under consideration had the public interest in mind. Even though this ordinance covers the offense of disturbing the peace of "any person" by certain types of conduct, including language, it specifically provides as to the latter that the language be "*calculated to provoke a breach of the peace*" and in the next to the last phrase it includes within the classification of offenders those who permit "any such conduct" in his house or premises "so that any other person in the vicinity is disturbed thereby."

■ The word "calculated" as used with reference to unseemly, profane or obscene language must be given its ordinary meaning. Webster's New International Dictionary, Second Edition, defines the word "calculated" to mean:

"Adapted by calculation, forethought or contrivance to accomplish a purpose; hence, loosely, *likely to produce a certain effect*; fitted, adapted, suited." (Emphasis ours)

It is therefore evident that the ordinance is intended only to cover a situation where the condemned language is directed at a person under such circumstances as to be likely to produce or provoke a breach of the public peace. Otherwise, one individual swearing at another in a closed and sound-proof room would be guilty of a violation of Section 26.13. We reject the proposition that any such result was intended by the draftsmen of this ordinance. The charge that the unseemly, profane or obscene language was "calculated to provoke a breach of the peace" was an essential element of the offense. City of St. Louis v. Goldman, 467 S.W.2d 99, 104 (Mo.App.1971); Kansas City v. Mathis, 409 S.W.2d 280, 289, 290 (Mo.App.1966).

In the case of City of St. Louis v. Slupsky, 254 Mo. 309, 162 S.W. 155 (Mo.Sup. 1913), the court had before it an ordinance of St. Louis imposing a penalty for disturbing the peace of others by various acts and conduct, including "by unseemly, profane, obscene or offensive language calculated to provoke a breach of the peace". The court recognized the difficulty of ascertainment of the meaning of the quoted language but concluded, 1.c. 157:

" * * * But unless they tend to excite immediate violence, abusive and insulting language will not constitute a breach of the peace unless so provided by statute * * *"

which the court stated was the common law rule incorporated in the St. Louis ordinance above quoted. The court reversed a conviction under the ordinance because the trial court's instruction to the jury ignored the requirement of the ordinance that the objectionable language be "calculated to provoke a breach of the peace".

*Slupsky* was cited with approval in the case of City of Kansas City, Missouri v. Thorpe, Mo., decided September 10, 1973, 499 S.W.2d 454, wherein the court said:

"* * * It therefore appears and we hold that in Missouri it now is and always has been the law that 'breach of the peace,' unless otherwise defined in the ordinance or statute using the term, refers only to acts or conduct inciting violence or intended to *provoke* others to violence." (Emphasis ours)

■ Rule 37.18 requires that the information or complaint shall be "a plain, concise and definite written statement of the essential facts constituting the offense charged". It has been held that an information charging violation of an ordinance without specifically alleging facts amounting to a violation is insufficient. City of Raytown v. Roach, 360 S.W.2d 741 (Mo. App.1962); Kansas City v. Franklin, 401 S.W.2d 949 (Mo.App.1966); Kansas City v. Mathis, supra. On the other hand, an information or complaint charging the violation of a city ordinance is ordinarily held to be sufficient where it describes the act complained of in the language of the ordinance. City of Springfield v. Stevens, 358 Mo. 699, 216 S.W.2d 450, 453 (banc 1949); University City v. Redwine, 376 S.W.2d 609, 613 (Mo.App.1964); Kansas City v. Martin, 369 S.W.2d 602, 606 (Mo.App. 1963); City of St. Louis v. Goldman, supra.

■ The information before us is wholly insufficient to meet either of these standards. It does not contain a plain, concise and definite statement of the essential facts as required by Rule 37.18 and the authorities cited above. For example, it does not state any of the following: the identity of Jim Colby, the person toward

whom the language was allegedly directed; the language is not set forth nor was it stated that the language was directed to Colby; the place of the alleged disturbance was not specified except that it occurred in a large Holiday Inn in downtown Kansas City; it does not state if the occurrence was in a private or public place or if others were present whose peace was or could have been disturbed, nor that Colby was "within the peace" himself or the relationship of the principals. We do not mean that all of these factual elements needed recitation but the information here is devoid of *any facts* which if established would constitute a violation of the ordinance.

Additionally, the information fails to come within the second or optional standard as noted in the decisions above cited by describing the acts complained of in the language of the ordinance. It is not stated that the alleged language was "calculated to provoke a breach of the peace"—an essential element of the offense as above noted.

Respondent seeks to avoid the necessity for the charge to contain these words by taking the position that, since the ordinance employs a disjunctive connection between the various acts set forth, the words "calculated to provoke a breach of the peace" apply only to the first (or language) clause. It states that the information contains a valid charge under *other* clauses of the ordinance where such words are not essential.

Assuming, without deciding, that this position is valid, the basic faults of the information are not cured thereby. We believe it is evident that the attempted charge relates to the first (or language) clause of the ordinance. While the information employs the term "loud, profane language" rather than the ordinance term "unseemly, profane or obscene language" this is a distinction without a difference. Further, we have studiously examined and reexamined the ordinance in an unsuccessful attempt to find another portion thereof into which this charge will comfortably or logically fit. Even if respondent's interpretation of the information was accepted, the information then necessarily becomes so vague and speculative as to offend the requirement that it fairly and accurately apprises the appellant of the nature of the charge against him. St. Louis v. Eskridge, 486 S. W.2d 648, 651 (Mo.App.1972).

We have carefully reviewed the decisions cited in respondent's brief and we do not find them in point as to the crucial points decisive of this appeal.

For the reasons herein stated, the judgment below is reversed.

All concur.