**City of KANSAS CITY, Missouri,
Respondent,**

v.

**Thomas E. BIBBS, Appellant.**

**No. 28679.**

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Sheila Greenbaum, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Louis W. Benecke, City Prosecutor, Dennis E. Lee, Asst. City Prosecutor, Kansas City, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

SOMERVILLE, Judge.

An information charged that defendant "did attempt to obtain money by false pretenses by giving a blind store manager a $1.00 bill and telling him that it was a $5.00 [bill] . . . in violation of the Revised Ordinances of Kansas City, Missouri, 1966 as amended, Chapter 26, Section 26.80, Penalty Chapter 1, Section 1.17." Defendant, upon being found guilty as charged in the municipal court, appealed to the Circuit Court of Jackson County. In a non-jury trial in the circuit court the defendant was again found guilty as charged and his punishment was fixed at sixty days confinement in The Municipal Correctional Institution.

Defendant raises three points of error on appeal. First he contends that "neither the information nor the evidence was sufficient to support a conviction in that there is no [City of Kansas City] ordinance proscribing attempts to obtain money by false pretenses." As this point compels a reversal of the judgment below and discharge of defendant, his other two points need not and will not be set forth or discussed.

Defendant was charged, prosecuted and convicted for *attempting* to obtain money by false pretenses ostensibly in violation of Kansas City, Missouri, Rev. Ordinances Ch. 26, § 26.80 (1967), as amended, [hereinafter referred to as Ordinance § 26.80] which reads as follows:

"Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, right in action or other valuable thing or effect whatsoever, and every person who shall, with the intent to cheat and defraud another, agree or contract with such other person, or his agent, clerk or servant, for the purchase of any goods, wares, merchandise or other property whatsoever, to be paid for upon delivery, and shall in pursuance of such intent to cheat and defraud, after obtaining possession of any such property, sell, transfer, secrete or dispose of the same before paying or satisfying the owner or his agent, clerk or servant therefor, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than one dollar ($1.00) nor more than five hundred dollars ($500.00) or be punished by imprisonment in the municipal farm or women's reformatory, according to the sex of the person convicted, not to exceed twelve (12) months, or by both fine and imprisonment."

Rule 37.18 governing the initiation of a prosecution for an ordinance violation provides that "[t]he information or complaint shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." An information purporting to charge a person with violation of a penal ordinance is insufficient and cannot sustain a conviction if it fails to allege facts which constitute a violation of the ordinance upon which it is predicated. *City of Green Ridge v. Brown*, 523 S.W.2d 609, 611 (Mo.App.1975); *Kansas City v. Graham*, 502 S.W.2d 411, 415 (Mo. App.1973); *Kansas City v. Franklin*, 401 S.W.2d 949, 953 (Mo.App.1966); and *City of Raytown v. Roach*, 360 S.W.2d 741, 742 (Mo. App.1962). Even though an information charging an ordinance violation is not tested by the same degree of strictness and particularity as is an indictment or information charging a criminal offense, the former

must set forth facts which, if found true, constitute conduct proscribed by the ordinance relied upon. *Kansas City v. Narron*, 493 S.W.2d 394, 398 (Mo.App.1973), and cases cited therein.

■ In the field of criminal jurisprudence an attempt conceptually, "is separate and distinct from the crime itself". *State v. Thomas*, 438 S.W.2d 441, 446 (Mo.1969). Ordinance § 26.80 does not purport to proscribe "attempts to obtain money by false pretenses." Despite its clear import, the city nevertheless charged and prosecuted defendant for "attempting" to obtain money by false pretenses, and the evidence presented by the city disclosed that the offense proscribed by the ordinance was never consummated. However reprehensible defendant's conduct may have been (depending upon the believability of the city's evidence), it did not fall within the proscription of Ordinance § 26.80.

As the facts alleged in the challenged information and the evidence presented by the city fell short of charging or proving conduct interdicted by Ordinance § 26.80, defendant's conviction cannot stand. *City of Green Ridge v. Brown,* supra, at 611; *Kansas City v. Franklin*, supra, at 954; and *City of Raytown v. Roach*, supra, at 743.

■ Notwithstanding the inadequacy of the information when superimposed on Ordinance § 26.80, the city contends that the conviction could and should be affirmed on the theory that an attempt inheres as a lesser included offense in every penal ordinance and statutory criminal offense.

Although the city cites Sec. 556.150, RSMo 1969, this court has been unable to find, and the city has failed to cite, any comparable ordinance which makes punishable an *attempt* to commit any offense for which "no provision is made by law for the punishment of such attempt". Sec. 556.150, supra. The city's reliance upon Sec. 556.-150, supra, is misplaced because the Municipal Court of Kansas City lacked jurisdiction to entertain an offense predicated on a state statute. As broadly stated in *Kansas City v. Henderson*, 468 S.W.2d 48, 50 (Mo.

1971), "[m]unicipal courts in Missouri are not made courts of record by either the Constitution or the statutes. . . . ." and their "jurisdiction is limited to enforcement of ordinances of that particular city". See also *Kansas City v. Garner*, 430 S.W.2d 630, 634 (Mo.App.1968); and Lauer, *Prolegomenon to Municipal Court Reform in Missouri*, 31 Mo.L.Rev. 69, 73 (1966).

Although a comparable inclusive ordinance dealing with attempt was apparently never enacted by the city, several sections of the Revised Ordinances of Kansas City (1967), as amended, expressly prohibit attempts to commit certain acts, i. e., § 26.-13.1 (attempt to inflict bodily injury), § 26.-35(b) (attempt to obstruct a police officer in the performance of his duty), and § 26.89 (attempt to use a slug in a vending machine). The non-existence of an inclusive attempt ordinance and the existence of specific ordinances making certain attempts punishable prompts reference to the following comment found in R. Perkins, *Criminal Law* 476 (1st Ed. 1957): "If the code makes specific provision for the punishment of attempts to commit certain offenses, but has no general attempt clause, other attempts may go unpunished under the principle of 'inclusion and exclusion' (*inclusio unius est exclusio alterius*, the inclusion of one is the exclusion of the other)." The "inclusion-exclusion" rule is recognized in this state as a proper tool or aid for construing municipal ordinances. *Hogan v. Fleming*, 317 Mo. 524, 297 S.W. 404, 412 (1927); and *State ex rel. Winkley v. Welsch*, 131 S.W.2d 364, 365 (Mo.App.1939). Construed in light of this rule, the conclusion is impelled that an attempt to obtain money by false pretense is not within the contemplation of Ordinance § 26.80.

■ To support its theory that defendant's conviction should be sustained on the theory of a lesser included offense, the city finally retreats to the following innovative argument—that by virtue of the common law of England, as adopted by Sec. 1.010, RSMo 1969, an attempt to commit a crime is itself a crime. The English case of *Rex v. Scofield*, Cald. 397 (1784) is reputed by

legal scholars to be the source from which is derived the common law doctrine that an attempt to commit a crime is itself a crime. Sayre, *Criminal Attempts*, 41 Harv.L.Rev. 821, 834–35 (1928); and W. LaFave and A. Scott, *Criminal Law*, § 59 at 424 (1972). Sec. 1.010, supra, initially enacted in 1825, adopted "[t]he common law of England . . . made prior to the fourth year of the reign of James the First" as the "rule of action and decision in this state". The fourth year of the reign of James the First was the year 1607. *Osborne v. Purdome*, 244 S.W.2d 1005, 1011 (Mo. banc 1951), *cert. denied* 343 U.S. 953, 72 S.Ct. 1046, 96 L.Ed. 1354 (1952). As an attempt to commit a criminal offense did not in and of itself become a criminal offense at common law in England until 1784, the year *Rex v. Scofield*, supra, was decided, the city's premise that the doctrine therein enunciated somehow cured the information is patently fallible, if for no other reason, because the doctrine relied upon chronologically evolved after the "fourth year of the reign of James the First." Moreover, the city's innovative argument does not obviate the jurisdictional question.

The information was fatally insufficient for the following reasons: (1) it failed to charge defendant with the violation of any subsisting ordinance; (2) it cannot be saved by Sec. 556.150, supra; and (3) irrespective of the city's innovative argument, it cannot be validated on the theory that an attempt inheres as a lesser included offense in every penal ordinance by virtue of Sec. 1.010, supra.

Judgment reversed and defendant ordered discharged.

All concur.