Dear Dr. Hensley:
This official opinion is in response to your request for a ruling on the following question:
 "Do the municipal courts of Missouri have jurisdiction to commit individuals to facilities of the Department of Mental Health for evaluation or treatment pursuant to Sections 552.020 and 552.040, RSMo?"
You ask as to jurisdiction of municipal courts to commit persons to Department facilities under two different circumstances: first, before their trial on charges of violating municipal ordinances, for examination pursuant to Section 552.020, RSMo 1969; and second, after their acquittal in municipal court by reason of mental disease or defect excluding responsibility, for commitment pursuant to Section 552.040, RSMo 1969.
We are unable to find any authority in the cases or statutes enabling municipal court judges to commit persons to state mental facilities for either pre-trial competency evaluations or post-trial commitments.
In contrast to the general jurisdiction of state courts, municipal courts have limited jurisdiction and may not proceed with any matter unless the legislature has given it express authority to do so. The rule was stated in State ex rel. Kellyv. Trimble, 297 Mo. 104, 247 S.W. 187, 191 (Mo.Banc 1922), as follows:
 ". . . Local courts, those of limited jurisdiction, and inferior courts, not proceeding according to the course of common law, are confined strictly to the authority given, . . . [S]tatutory jurisdiction of courts . . . exists only by statutory warrant, and legislative omission . . . cannot be supplied by judicial construction. [Citation omitted]"
Accordingly, there is no question that
 "Municipal courts in Missouri. . . . are courts whose jurisdiction is limited to enforcement of ordinances of that particular city." Kansas City v. Henderson, 468 S.W.2d 48, 50 (Mo. 1971).
For that reason, the municipal court of Kansas City has been held to lack jurisdiction to entertain an offense predicated on a state statute. City of Kansas City v. Bibbs, 548 S.W.2d 264, 266
(Mo.Ct.App. at K.C. 1977).
The distinction between statute and ordinance, of course, is axiomatic:
 ". . . a statute [is] a law enacted by the State Legislature, and an ordinance [is] a by-law passed or ordained by a city council and under authority of a statute giving it the right to pass such [an] ordinance." Werner v. Pioneer Cooperage Co.,
155 S.W.2d 319, 324 (St.L. Ct.App. 1941).
It is clear that in Missouri, criminal commitment proceedings are governed by statute in Chapter 552, RSMo, and not by ordinance. Under Section 552.020(2):
 "Whenever any judge or magistrate has reasonable cause to believe that the accused has a mental disease or defect excluding fitness to proceed he shall, upon his own motion or upon motion filed by the state or by or on behalf of the accused, . . . appoint one or more private physicians to make a psychiatric examination of the accused or shall direct the superintendent of a facility of the department of mental health diseases to have the accused so examined . . ." (Emphasis added)
While at first blush the term "any judge" might seem to include municipal court judges, a further reading of the statute precludes this conclusion. The statute plainly indicates its inapplicability to municipal court proceedings, where the state is not a party, by its repeated and consistent references to "the state." See also Section 552.020(6) and (8); Section 552.030(2) and (4).
Further consistent references to the state or county are contained throughout Chapter 552. For example, Section 552.040(4) refers only to the "prosecuting or circuit attorney of the county" and never to the city attorney.
Of particular note is Section 552.080 which specifies that costs of examinations, reports, and expert testimony are to be paid by the county in misdemeanor cases or the state in felony cases. Significantly, no provision is made for the payment of costs from a city treasury to a state institution in cases involving violations of city ordinances.
CONCLUSION
Therefore, it is the opinion of this office that the municipal courts of Missouri do not have jurisdiction to commit individuals to facilities of the Department of Mental Health for evaluation or treatment pursuant to Sections 552.020 or 552.040, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Maria Kendro.
Very truly yours,
 JOHN ASHCROFT Attorney General