STATE OF MISSOURI, Respondent, v. THOMAS J. PHIPPS, Appellant.

**Kansas City Court of Appeals, March 4, 1889.**

1. **Indictment: ASSAULTING AN OFFICER : ALLEGATION AND PROOF OF KNOWLEDGE OF OFFICIAL CHARACTER.** An indictment under section 1438, Revised Statutes, 1879, for assaulting a constable while in the discharge of his duty, should aver that defendant knew the character in which the constable claimed to act at the time, and such averment and its proof are necessary to sustain a conviction.

2. ———: **DEFECTIVE UNDER SECTION 1438 : GOOD UNDER SECTION 1265.** The indictment in this case though defective under section 1438 is good under section 1265 of Revised Statutes, 1879, and the conviction is sustained.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

The following is the indictment in this case:

"STATE OF MISSOURI, } ss.
"COUNTY OF CEDAR.

"In the circuit court of Cedar county, October term, 1886. The grand jurors for the state of Missouri empanelled, charged and sworn to inquire within and for the body of the county of Cedar and state of Missouri upon their oaths present and charge that Thomas Phipps, late of said county of Cedar, on or about the —— day of October, A. D. 1886, at the county of Cedar aforesaid, did in and upon one Wm. Nunnelly, then and there being, knowingly, wilfully, unlawfully and violently did make an assault, the said Wm. Nunnelly being then and there a ministerial officer, to-wit: the constable of Linn township in the county aforesaid, and then and there being in the due and legal execution of his said office of constable, by then and there endeavoring in a lawful manner to suppress and prevent a breach of the peace which was then and there being committed by the said Thomas Phipps and one William Taylor and the said Thomas Phipps him, the said William Nunnelly then and there in the due execution and discharge of his official duty as aforesaid, did unlawfully, knowingly and wilfully strike, beat, wound, abuse and ill treat against the peace and dignity of the state."

*Masters* with *Stephens & Ragland*, for appellant.

(1) The indictment in this case is bad and is not cured by verdict. In this the defendant is not charged with resisting a ministerial officer while in the discharge of his official duty, "in the language of any of the three sections of the statutes of Missouri." Sections 1436, 1437 and 1438, prescribing penalties for the resistance of ministerial officers in the legal discharge of

their duties. Whart. Am. Crim. Law, sec. 364, and other familiar authorities; *State v. Bach*, 25 Mo. App. 554. (2) The court committed grave error in not sustaining the defendant's demurrer to the testimony when the state rested its case, there being no evidence upon which to base a verdict of guilty, or an instruction from the court directing the same, as there was no testimony tending to show that there was a breach of the peace going on or being committed at the time ; or that the defendant knew Nunnelly to be an officer in the legal discharge of his duty. R. S. 1879, sec. 1826 ; *State v. Maloney*, 12 R. I. 251 ; *State v. Carpenter*, 54 Vt. 552 ; *Johnson v. State*, 26 Texas, 117. (3) This being in the night-time, it was the duty of the officer to have made his authority to act known, by publicly declaring he was an officer in the legal discharge of his duty. *State ex rel. v. Claudius*, 1 Mo. App. 559 ; Whart. Crim. Plead. and Prac. [8 Ed.] 8 ; 1 Whart. Am. Crim. Law, sec. 1290.

No brief for respondent.

SMITH, P. J.—The defendant was indicted and convicted under section 1438, Revised Statutes.

The ground of his appeal here is that the indictment is defective in not averring that defendant knew the character in which Nunnelly the constable claimed to act.

We think the objection is well taken. This was a matter of substance. It was necessary to make and prove this averment in order to sustain the conviction under said section 1436. R. S., sec. 1826 ; *State v. Claudius*, 1 Mo. App. 551 ; *State v. Greene*, 66 Mo. 631 ; *State v. Downer*, 8 Vermont, 424 ; *State v. Burt*, 25 Vermont, 373 ; 4 Black. Com. 375 ; 1 Ch. Crim. Law, 539.

Although the indictment is defective in the particular already indicated, it contained a complete description

of such facts and circumstances as constituted an assault at common law or under the statute. R. S., sec. 1265.

The *State v. Carpenter*, 54 Vermont, 551, was a case on all fours with this, in which it was said that although the indictment is bad as charging the commission of a crime under the statute, it being alleged the defendant made an assault upon an officer, it was sufficient for an assault at common law, or under the general statute upon the subject of breach of the peace.

And a like ruling was made by the supreme court of Texas in *Johnson v. State*, 26 Tex. 117.

With the concurrence of the other judges, the judgment of the circuit court is hereby ordered affirmed.