CITY OF ST. JOSEPH, Respondent,

v.

Ronald James BLAKLEY, Appellant.

No. KCD 25769.

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1972.

Rehearing Denied Oct. 30, 1972.

Louis Kranitz, Theodore M. Kranitz, St. Joseph, for appellant.

Ronald E. Taylor, John A. Swearingen, St. Joseph, for respondent.

DIXON, Judge.

Defendant appeals his conviction for resisting arrest. The conviction is affirmed.

■ Defendant's brief asserts as a "point" that the verdict is "against the evidence and the credible evidence in the case." This raises nothing for appellate review. Neavill v. Klemp, 427 S.W.2d 446 (Mo.Sup.1968); Schoene v. Hickam, 397 S.W.2d 596 (Mo.Sup.1965).

■ The defendant's "point" that the verdict is "against the law applicable to this case" likewise preserves nothing for review.

The only matter possibly preserved for review is defendant's contention that the information "fails to state any offense cognizable by the ordinance" and is fatally defective.

■ The latter point as contained in his brief is in substance as set forth above. In and of itself, it may not be sufficient to satisfy the rule because it does not specifically state in what manner the information is defective. Sup.Ct. Rule 84.04(d), V.A.M.R. Taken with the argument portion of the brief, it may be that the thrust of defendant's contention can be determined, and if so, the point will be considered. State v. Norman, 380 S.W.2d 406 (Mo. Sup.1964), l.c. 408; Duke v. Thomas, 343 S.W.2d 656 (Mo.App.1961), l.c. 657.

The information in relevant part is as follows:

"On information, the undersigned assistant city attorney within and for the City of St. Joseph and the State of Missouri, complains and informs the Court that on or about the 29 day of Aug., 1970 within the corporate limits of the City of St. Joseph, at or near Belt Drive In Super Market parking lot above-named defendant did then and there unlawfully pushed Officer Hibbs and resisted arrest physically and had to be subdued by four officers: Hibbs, Harris, Shellenburger and Murphy in violation of Section 16–135–16 of the Code of Ordinance of 1969 as amended of said city."

The ordinance referred to in the information is as follows:

" * * * Code of Ordinances of the City of St. Joseph, Missouri, Section 16–135, OBSTRUCTING, RESISTING POLICE OFFICER * * * 'No person shall hinder, obstruct, resist or otherwise interfere with any city officer or member of the police force of the city in the discharge of his official duties or shall attempt to prevent any member of such police force from arresting any person, or shall attempt to rescue from such member of the police force, or from anyone called to his aid, any person in his custody.' "

■ Defendant concedes that the ordinance in question embraces the offense of "resisting an officer in the discharge of his official duties". The further concession is made that the test of the validity of the information is that it be a sufficiently clear statement of the offense charged to inform the defendant of the nature of the offense and to constitute a bar to another action. Kansas City v. Martin, 369 S.W.2d 602 (Mo.App.1963), l.c. 606.

Taking the argument position of the brief as the essential statement of the manner in which the information is claimed to be invalid, the defendant asserts that "six cardinal and indispensable elements are necessary from the information". To eliminate the redundancy of defendant's listing, they are combined to assert his basic three-pronged attack on the information.

■ The first of these relates to the question of intent.

Defendant argues that the information contains no allegations that the defendant intended to violate the law, intended to resist arrest, or that Hibbs intended an arrest. The assumption is made with respect to the defendant's intent that a specific intent need be charged. Such a specific in-

tent is not a necessary part of the information when the statute or ordinance defining the crime does not require a specific intent. State v. Connor, 318 Mo. 592, 300 S.W. 685 (1927), l.c. 686; State v. Granger, 199 S.W.2d 896 (Mo.App.1947). Kansas City v. Mathis, 409 S.W.2d 280 (Mo.App.1966) cited by defendant holds that "intent" must be a part of information where a specific intent is a part of the ordinance defining the offense.

◼ The last portion of defendant's argument with respect to intent is awkwardly phrased but is intended to assert that defendant could not have an "intent" to resist unless he knew of Hibbs' "intent" to arrest. It has been noted such specific intent is not a necessary part of the charge and however phrased, it does not vitiate the charge.

◼◼ The second portion of the attack on the information is that it does not charge that Hibbs was a police officer of the City of St. Joseph or in the discharge of his lawful duties. First, on the issue of "performance of official duties". Hibbs is described as an "officer" making an "arrest". The Charter of St. Joseph cited as City of St. Joseph Charter, Section 5.2, and of which judicial notice is taken, makes "arrest" a part of the official duties of a police officer. The contention then resolves itself into an argument that the omission of the word "police" qualifying "officer" makes the information invalid. Looking to the purpose of the information, Kansas City v. Martin, supra, it is abundantly clear that defendant must have known from the charge that he was being accused of resisting arrest by a police officer and that the charge would bar a subsequent charge for an arrest by Hibbs in another capacity as an officer.

The final portion of defendant's complaint as to the information is that the charge fails to contain allegations showing

factually that the "arrest" was "lawful". Defendant seeks to support this argument by authority which finds informations insufficient which fail to include an allegation of fact which makes the specified conduct unlawful. Kansas City v. Franklin, 401 S.W.2d 949 (Mo.App.1966); State v. Barlett, 394 S.W.2d 434 (Mo.App.1965). These cases involve omission of facts vital to the basic charge and not matters which would present a *defense*. Franklin rests on failure to allege what sort of a vehicle was involved and Barlett on failure to allege the fact that the driving was upon a highway.

Considering the ingenuity of counsel in attacking informations after verdict, it is strange that cases may not be readily found dealing with this problem. There are cases such as State v. Adams, 380 S.W.2d 362 (Mo.Sup.1964), which hold that failure to allege a saving exception in a statute defining the offense does not invalidate the information. The cited case dealt with the question of the provision of the second offender act now Section 556.-280(3) RSMo 1969, V.A.M.S., which suspends the application of the statute if an appeal is pending on the prior conviction relied upon to make the provisions of the second offender act applicable. A complaint that the information is defective for failure to negative the exception contained in the statute has also been insufficient where the exception is not a part of the definition of the crime. Williams v. State, 437 S.W.2d 82 (Mo.Sup.1969), l.c. 86. Such exceptions are pure matters of affirmative defense. As such, they need not be included in the charge. State v. Doerring, 194 Mo. 398, 92 S.W. 489 (1906), l.c. 494. Such holdings are persuasive that a common law defense such as resistance to unlawful arrest does not require negation in the information.

Though not readily found, there is, in fact, ancient authority in Missouri for exactly the converse of the proposition the

defendant asserts. 42 C.J.S. Indictments and Informations § 116 cites as a general rule:

"The prosecution is not bound to anticipate defenses and aver facts rendering them unavailing, or negative every conceivable fact that might change the character of the offense; . . ."

This proposition is carried forward verbatim from 31 Corpus Juris Indictments and Informations, § 194, which relied in part on the Missouri case of Tracy v. State, 3 Mo. 3. In that decision, the Supreme Court held that it was not essential to the validity of an indictment charging evasion of a tax on vendors of merchandise to allege that the defendant sold at retail since this was primarily a defensive matter based on a constitutional prohibition against taxing the sale of items in original packages.

The holding of that case and its statement in Corpus Juris Secundum are sound and should be followed. Whartons, Criminal Law and Procedure, Vol. 4, Section 1766, p. 563, 1957, also states the rule in similar terms and that statement is supported by abundant authority from other jurisdictions.

The pleading challenged plainly states that defendant at a certain time and place " * * * unlawfully pushed Officer Hibbs and resisted arrest physically * * * ". When the arrest is lawful there is a duty to submit, and the failure to so submit is the gist of the offense. State v. Nolan, 354 Mo. 980, 192 S.W.2d 1016 (1946), l.c. 1020. Hence, a statement of "unlawful" resistance to arrest describes the failure of the defendant to comply with the duty to submit to a lawful arrest.

The conviction is affirmed.

All concur.