CITY OF GREEN RIDGE, Missouri,
Plaintiff-Respondent,

v.

Steve E. BROWN and James Lee
Carlson, Defendants-Appellants.

No. KCD 26696.

Missouri Court of Appeals,
Kansas City District.

May 5, 1975.

James T. Buckley, Sedalia, for defend-ants-appellants.

James B. Wilson, Windsor, for plaintiff-respondent.

Before SOMERVILLE, P. J., PRITCH-ARD, C. J., and TURNAGE, J.

SOMERVILLE, Presiding Judge.

In these consolidated appeals both de-fendants were charged with having violated Ordinance No. 138 of the City of Green Ridge, Missouri. Upon conviction in the city police court they appealed to the Cir-cuit Court of Pettis County where, by agreement, a jury was waived and their

cases were consolidated for trial. There, each defendant was found guilty as charged and fined $75.00. Each defendant timely appealed and a joint brief was filed.

During the evening of May 26, 1972, and the early morning hours of May 27, 1972, what may be aptly described as an overly exuberant "fracas" occurred in the city park of Green Ridge with "an awful congregation of young people and older people" participating. The "fracas" consisted of loud noises, the throwing of "cherry bombs", the racing of cars, and "the drinking of beer". The evidence failed to attribute any particular conduct to either defendant while the "fracas" in the park was in progress. The city marshal, with the assistance of some deputy sheriffs, broke up the fracas and ordered the crowd to disperse and go home. The two defendants were "a part of the crowd" at the scene of the "fracas", but, instead of going home when the "fracas" was "broken up", they proceeded over to the front of the city hall. There the defendants became loud and raucous and verbally abused the city marshal by calling him vile names. Thereupon they were arrested. There is no evidence that they were asked or given notice to cease or abate their loud and raucous conduct and name calling in front of the city hall prior to their arrest. They were subsequently charged with violating Ordinance No. 138 of the City of Green Ridge.

Ordinance No. 138 is titled "Nuisances". It contains seven sections. Only those sections relevant to this appeal will be mentioned. Section Two purports to define and declare what constitutes "nuisances" within the provisions of the ordinance. Paragraph (b) of Section Two reads as follows: "All pursuits followed or acts done by any person to the hurt, injury, annoyance, and inconvenience of the public;". Section Three requires the city marshal to give notice to any person committing or suffering the continuance of a nuisance to abate the same within the time "limited in such notice."

Section Four provides that any person "who shall not abate or remove such nuisance within the time specified in the notice given him or her by the City Marshal, as specified in the preceding section, shall be deemed guilty of a misdemeanor, and be subject to a fine of not less than One Dollar nor more than One Hundred Dollars."

The verified informations filed against the defendants were identical. Each defendant was charged as follows: "That the above named defendant did at the City of Green Ridge and within the corporate limits thereof did on or about the 27th day of May, 1972, violate Section 2(b) of Ordinance Number 138 of the Revised Ordinances of the City of Green Ridge, entitled nuisances duly and legally passed by the City Council of the City of Green Ridge, Missouri, by then and there unlawfully and willfully, did create a public nuisance by yelling and name calling of the City Marshal, contrary to said ordinance, and against the peace and dignity of the city." The informations are silent as to any allegation that defendants were given notice by the City Marshal to abate the alleged nuisance and that they failed or refused to do so within a prescribed time.

This court notes, parenthetically, that any question of whether Ordinance No. 138 was misappropriated as a basis for prosecution of defendants is academic since the informations filed by the city attorney against each defendant were, in fact, predicated solely upon an alleged violation of the ordinance mentioned.

■ On appeal defendants seek, imperfectly, to raise but one issue—that the ordinance under which they were convicted is unconstitutionally vague. Defendants failed, both at the trial level and in this court, to mention any constitutional section or the substances of any constitutional provision, federal or state, which they claim has been violated, thereby rendering the ordinance in question unconstitutionally vague. Consequently, no justiciable consti-

tutional issue is presented on appeal. See City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, 376 (banc 1949), frequently cited regarding procedural requirements to raise, preserve and present constitutional issues for appellate review.

■ However, this court's inquiry on appeal is not terminated. Rule 28.02, V.A.M.R., provides, in part, that "[a]llegations of error respecting the sufficiency of the information . . . shall be considered upon an appeal although not raised in the trial court or preserved for review." This rule has been judicially construed as imposing a duty at the appellate level to determine the sufficiency of an information even though never questioned at the trial or appellate level. State v. Vandergriff, 403 S.W.2d 579, 580 (Mo.1966) and State v. Rose, 428 S.W.2d 737, 741 (Mo.1968). In Kansas City v. Stricklin, 428 S.W.2d 721, 724 (Mo. banc 1968) involving an appeal by a defendant convicted of multiple ordinance violations, the court stated that Rule 28.02 is "substitutional for §§ 512.010 and 547.-270, R.S.Mo.1959" and "[t]his rule [Rule 28.-02] provides that no allegation of error respecting the sufficiency of the information . . . shall be necessary upon appeal." City of Independence v. Peterson, 437 S.W.2d 168 (Mo.App.1969) constitutes further authority for the proposition that Rules of Criminal Procedure applicable to appellate courts in criminal cases are likewise applicable at the appellate level in cases involving municipal ordinance violations.

■ Rule 37.18, respecting initiation of ordinance violations, provides that "[t]he information or complaint shall be a plain, concise and definite written statement of the *essential facts* constituting the offense charged." (Emphasis added.) An information purporting to charge a person with violation of a penal ordinance is insufficient and cannot sustain a conviction if it fails to allege facts constituting a violation of the ordinance upon which it is predicated.

Kansas City v. Graham, 502 S.W.2d 411 (Mo.App.1973); Kansas City v. Franklin, 401 S.W.2d 949 (Mo.App.1966); and City of Raytown v. Roach, 360 S.W.2d 741 (Mo.App. 1962). Although an information charging an ordinance violation is not subject to the same degree of strictness and particularity applicable to testing the sufficiency of indictments and informations in criminal cases (due to the hybrid nature of prosecutions for ordinance violations as civil actions with quasi criminal aspects), they must, nevertheless, set forth facts which if found true would constitute the offense prohibited by the ordinance. City of Kansas City v. Narron, 493 S.W.2d 394 (Mo.App.1973), and cases therein cited.

■ Do the informations filed against defendants set forth the constituent elements of a violation of Ordinance No. 138, thereby legally galvanizing the convictions and imposed fines? No refined exercise in semantics or hair-splitting syntax is required to demonstrate that the informations in question fall woefully short of meeting even the relaxed criterion applicable to determining the sufficiency of informations charging violations of penal ordinances. The informations purport to charge each defendant with commission of a nuisance as defined and declared in "Section 2(b) of Ordinance Number 138" (as previously noted any question as to the "unconstitutional vagueness" of paragraph (b) of Section Two of Ordinance No. 138 is not reached in this opinion due to defendant's failure to properly raise, preserve or present same for appellate review). Ordinance No. 138 clearly discloses that commission of a defined and declared nuisance, in and of itself, does not invoke the penal provisions of the ordinance. Section Three of Ordinance No. 138 requires the giving of notice by the city marshal to a person claimed to have committed a nuisance within the purview of the ordinance and a time within which to abate same. Section Four of Ordinance No. 138 subjects a person committing or suffering the con-

tinuance of a nuisance to penal sanctions only if he has been given notice and has timely failed thereafter to abate the nuisance. An information charging commission or sufferance of a proscribed nuisance, standing alone, is not sufficient. Notice and failure to abate the nuisance within the time prescribed in the notice are conditions precedent to the imposition of penal sanctions under Ordinance No. 138 as written. In order to charge defendants with having violated the ordinance, the informations in question should have additionally alleged that defendants were given notice, verbal or written, to abate the purported nuisance and that they failed to do so within the time prescribed in the notice. Failure to do so rendered the informations fatally insufficient to charge defendants with a violation of Ordinance No. 138. Parenthetically, a careful review of the record fails to disclose any evidence that either defendant was given notice to abate the purported nuisance within a prescribed time and thereafter refused to timely comply (this facet of the appeals in question again raises the spectre of whether or not Ordinance No. 138 was misappropriated as a basis for prosecuting defendants).

The fatal insufficiency of the informations makes it impossible to passively ignore them or relegate them to oblivion irrespective of the rightful indignation and umbrage felt by the city marshal and citizens of Green City springing from the "fracas" and untoward conduct of defendants. Nor can settled and binding rules of procedure be ignored and temporary rules sua sponte improvised to reach a contrary result in this case.

The judgments in both consolidated cases are reversed and each defendant is ordered discharged.

All concur.