CITY OF KANSAS CITY, Mo.,
Plaintiff-Respondent,

v.

Albert HARBIN, Defendant-Appellant.

No. KCD 30567.

Missouri Court of Appeals,
Western District.

May 5, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 9, 1980.

L. Patrick O'Brien, Legal Aid of Western Missouri, Kansas City, for defendant-appellant.

Aaron A. Wilson, City Atty., Jack H. Schrimsher, City Prosecutor, Dan R. Sharp, Asst. City Prosecutor, Kansas City, for plaintiff-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

DIXON, Judge.

Defendant Harbin appealed his conviction of hindering and interfering with Kansas City, Missouri police officers in violation of § 26.35(a) of the Revised Ordinances of Kansas City, Missouri, and sentence of 180 days. On appeal from Municipal Court, the case was heard by a jury which imposed a 60-day sentence in the Municipal Correctional Institution. One issue is dispositive of the appeal: The validity of the information filed in Municipal Court.

Defendant was arrested on June 12, 1978 and charged with violating § 26.35(a), Revised Ordinances of Kansas City, Missouri. The ordinance reads:

Sec. 26.35. Obstructing and resisting city officer.

(a) Any person who shall in any way or manner hinder, obstruct, molest, resist or otherwise interfere with any city officer or inspector or any member of the police force in the discharge of his official duties shall be guilty of a misdemeanor.

Prior to trial in the Municipal Court of Kansas City, the city prosecutor amended the information written by the arresting officers. The city's amended information alleged that:

"IN THE MUNICIPAL COURT OF KANSAS CITY, MISSOURI STATE OF MISSOURI, COUNTY OF JACKSON–CLAY–PLATTE THE UNDERSIGNED COMPLAINS AND STATES THAT: On or about 6–12–78 in Kansas City, Missouri, At or Near 1842 E. 77th, At About (Time) 1618, Albert Harbin DID UNLAWFULLY WITHIN THE AFORESAID CITY, COUNTY AND STATE COMMIT THE FOLLOWING OFFENSE: Did hinder and interfere with a police officer by striking P. O. Richardson in the face and struck P. O. R. Saunders who sustained minor injury and was transported to the hospital In Violation of the Revised Ordinances of Kansas City, Missouri, 1966 As Amended, Chapter 26, Section 35 A."

The plaintiff City filed a Motion to Amend the Information eight days prior to the circuit court trial. The motion proposed the following:

"On or about June 12, 1978, at or near 1842 E. 77th St., Kansas City, Missouri Albert Harbin did hinder and interfer [sic] with Kansas City, Missouri police officers *in the discharge of their official duties* by striking officers Robert N. Saunders and Douglas F. Richardson." (emphasis added).

The Motion *was sustained over defendant's* objection. Defendant argues that this ruling was reversible error. Defendant contends that the information under which defendant was convicted in the Municipal Court was fatally defective because it failed to allege the essential fact that the officers

in question were in the discharge of their official duties as Ordinance 26.35(a) requires. Defendant further argues that the circuit court had only derivative jurisdiction pursuant to Rule 37.38 and should have dismissed the case because the information was fatally defective in the municipal court and the purported amendment could not confer jurisdiction on the circuit court.

The recent case of *City of Mexico, Missouri v. Merline*, 596 S.W.2d 475 (Mo.App. 1980), supports the proposition that the circuit court had only derivative jurisdiction and that no amendment of a defective information could confer jurisdiction. *City of Mexico, Missouri*, involved a situation where the defendant had been found guilty by the Municipal Court of "driving while intoxicated." He perfected an appeal to the Circuit Court but immediately prior to trial the City Attorney filed an Amended Information in which defendant was charged with driving "a motor vehicle within the city limits of the City of Mexico, Missouri, . . . when he had ten-hundredths of one percent or more by weight of alcohol in his blood," pursuant to § 26.14(b) of the local City Code. Defendant moved for a dismissal of the charge as set forth in the Amended Information claiming the circuit court's jurisdiction was derivative only. The motion was denied.

The Missouri Court of Appeals, Eastern District, reversed the circuit court and held that while Rule 37.84 provides for the circuit court to hear, try and determine such cases *de novo*, it prescribed a *procedure* to be followed.

"[I]t does not invest the circuit court with jurisdiction to hear, try and determine a charge that the defendant violated a municipal ordinance other than, or not included in, the charge upon which the municipal court judgment was entered and from which an appeal has been taken. In other words, in an appeal to the circuit court from a judgment of a municipal court, the jurisdiction of the circuit court is derivative only.

After an appeal has been taken to the circuit court from the judgment of a municipal court, a new or different charge cannot be filed by way of an amendment to the original information, *City of Macon v. Rennick*, 226 Mo.App. 592, 44 S.W.2d 249 (Mo.App.1931), but the information may be amended to clarify the charge, *Kansas City v. Spurlock*, 533 S.W.2d 660 (Mo.App.1976), or to charge a lesser included offense."

If the amendment attempted in the instant case is characterized as a "new or different charge" as opposed to a "clarification," the circuit court was without jurisdiction to try defendant for the offense charged in the Amended Information.

Defendant argues that Chapter 26, Section 35(a) of the Revised Ordinances of Kansas City clearly provides that the officer must be "in the discharge of his official duties." If an officer is not in discharge of his official duties, defendant argues, he cannot be protected by the ordinance. For this reason, defendant argues that being in the discharge of official duties is an essential element of the charge which must be pleaded. Defendant also claims that the City has twice conceded this point:

1) Mr. Dan Sharp, representing the City, stated to the trial judge in discussing whether this was an essential element: "I believe it would be essential but I think it's part of 'hindering and interfering.' "

2) Mr. James Lindquist argued for the City at the New Trial Motion—under the belief that the Information had been amended: "The allegation about an essential element was omitted in the Information, I think the City would concede."

The City now contends that, by adding the phrase "in discharge of their official duties," there was merely a clarification of the charge that defendant Harbin did "hinder and interfere with a police officer."

■ The real question is whether or not defendant was even charged with an offense. The ordinance appears to be strictly for the unique purpose of protecting officials acting within the scope of their duties.

The information may not even state a cause of action for assault on a police officer, thereby hindering or interfering with him. The initials, "P. O." and "P. O. R.," preceding the surnames in the information provide no factual content. *City of Raytown v. Roach*, 360 S.W.2d 741, 743 (Mo.App.1962), holds that the symbols, "C & I Acc," were insufficient to charge an offense, so here, "P. O." and "P. O. R.," add no factual content to the information. Supreme Court Rule 28.02 (Rule 30.20 under the recent revisions) provides, in part, that "[a]llegations of error respecting the sufficiency of the information . . . shall be considered upon an appeal although not raised in the trial court or preserved for review." This rule imposes a duty on an appellate court to determine the sufficiency of an information even if the question was never raised at the trial or appellate level, *State v. Rose*, 428 S.W.2d 737, 741 (Mo.1968) or if it is attacked, even after verdict or on appeal. *State v. Hasler*, 449 S.W.2d 881, 884 (Mo.App.1969).

▮▮ Rule 37.18, relating to practice and procedure in municipal courts, is a codification of the general rule that before an information is sufficient and able to sustain a conviction, it must allege all the essential facts constituting a violation of the ordinance upon which it is predicated. *Kansas City v. Franklin*, 401 S.W.2d 949, 953 (Mo.App.1966); *City of Green Ridge v. Brown*, 523 S.W.2d 609, 611 (Mo.App.1975). Rule 37.18 provides that "[t]he information or complaint shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." In the words of Judge Somerville in *City of Green Ridge*:

"An information purporting to charge a person with violation of a penal ordinance is insufficient and cannot sustain a conviction if it fails to allege facts constituting a violation of the ordinance upon which it is predicated. *Kansas City v. Graham*, 502 S.W.2d 411 (Mo.App.1973); *Kansas City v. Franklin*, 401 S.W.2d 949 (Mo.App.1966); and *City of Raytown v. Roach*, 360 S.W.2d 741 (Mo.App.1962).

Although an information charging an ordinance violation is not subject to the same degree of strictness and particularity applicable to testing the sufficiency of indictments and informations in criminal cases (due to the hybrid nature of prosecutions for ordinance violations as civil actions with quasi criminal aspects), they must, nevertheless, set forth facts which if found true would constitute the offense prohibited by the ordinance. *City of Kansas City v. Narron*, 493 S.W.2d 394 (Mo.App.1973), and cases therein cited." *Id*.

Mention of a statute number in the information is not conclusive as to the offense charged and is treated as surplusage. *State v. Byrne*, 503 S.W.2d 693, 695 (Mo. banc 1973). But, such an information or complaint is sufficient if it gives notice of the offense and is sufficiently definite to be pleaded in bar of any subsequent prosecution for the ordinance violation. *Kansas City v. Waller*, 518 S.W.2d 202, 206 (Mo. App.1974), citing *University City v. Redwine*, 376 S.W.2d 609, 613 (Mo.App.1964). Nothing which is material to the charge will be taken by intendment. *State v. Lee*, 488 S.W.2d 272, 273 (Mo.App.1972).

▮▮ Turning to the facts in the instant case, this information fails the stated tests because it fails to allege that the officers were in the discharge of their official duties. The City has failed to allege the offense prohibited by the ordinance. *City of Independence v. Peterson*, 437 S.W.2d 168, 169 (Mo.App.1968); *City of Green Ridge, supra*.

While *City of St. Joseph v. Blakley*, 486 S.W.2d 511 (Mo.App.1972) appears to decide this question to the contrary, defendant has argued that it is distinguishable. First, the ordinance in City of St. Joseph was dissimilar to the Kansas City ordinance. Included in the St. Joseph ordinance was the following:

"* * * or shall attempt to prevent any member of such police force from *arresting* any person, . . . ." *Id*. at 513 (emphasis added),

and the challenged information read, in pertinent part, ". . . above named defendant did then and there unlawfully pushed Officer Hibbs and *resisted arrest* physically . . . ." *Id.* at 513 (emphasis added). Under this ordinance and information, this court held that since Hibbs is described as an "officer" making an "arrest;" and since the ordinance makes "arrest" a part of the official duties of a police officer, the information was sufficient.

Defendant in the instant case argues that *Blakley* stands for the proposition that where the information states some official duty in which the officer was engaged, that is sufficient to satisfy the pleading of the essential element of being in the discharge of his official duties without using those exact words of the statute. Defendant also argues that searching the face of the information looking for that element, the *Blakley* court implied or assumed that "in the discharge of his official duties" was an essential element which must have been pleaded in the information. In the instant case, the ordinance does not spell out specific duties which might have been pleaded nor does the *instant* information provide any facts or words to indicate what activities the officers were engaged in when they encountered the defendant.

While there do not appear to be any cases in Missouri directly reaching the question of whether being "in the discharge of his official duties" is an essential element of the violation charged under this ordinance, cases under a similar Missouri statute imply the essential nature of this element in the instant ordinance.

Prior to the enactment of the new Missouri Criminal Code, §§ 557.215 RSMo Supp.1979 [repealed by Laws 1977 and effective January 1, 1979] provided for the conviction of a person striking a police officer in the performance of his duties. The statute read this way:

557.215 Striking officer in performance of his duties

Any person who shall willfully strike, beat or wound any police officer, sheriff, highway patrol officer or other peace officer while such officer is actively engaged in the performance of duties imposed on him by law, . . . . .

Numerous cases under this statute spoke to the importance of the officer being actively engaged in the performance of his duties in order for one to be convicted of a violation. For example: *State v. Rodriquez*, 484 S.W.2d 203, 206 (Mo.1972), which was a case focusing on the appropriateness of certain instructions, states that "[t]he purpose of Section 557.215 is to protect a police officer while performing duties imposed upon him by law." The old case of *State v. Phipps*, 34 Mo.App. 400 (1889) stands for the proposition that an indictment under section 1438 RSMo 1879 (a forerunner of § 557.220 RSMo repealed 1979), for assaulting a constable while in the discharge of his duty, should aver that the defendant knew the character in which the constable claimed to act at the time and that such averment should be proved to sustain a conviction. The *Phipps* court also held that where the indictment was defective under § 1438, it was good under § 1265 RSMo 1879 for common law assault and the conviction was sustained. The latter holding seems to be an early statement for the general proposition that where a party is charged with a greater offense they may be convicted of a lesser included offense, *State v. Marcks*, 140 Mo. 656, 678, 43 S.W. 1095, 1097 (1898) [majority opinion at 41 S.W. 973 (Mo.1897)] citing *Phipps, supra*. The instant case may involve a charge of a lesser offense—assault, but a conviction was had for violation of ordinance 26.35a.

There are also a number of more recent cases which deal with the question of whether there was error in the lower court's refusal to offer an instruction on the lesser included offense of common assault where a § 557.215 violation was charged, but the evidence would also have supported an assault charge. These modern cases state the following rule:

" 'There is no lesser included offense where a *striking is shown and no controversy appears over whether the victim was a police officer or engaged in the*

*performance of his duties.* Under this state of facts the court is not required to give an instruction on common assault. *State v. Jacks,* 462 S.W.2d 744, 748[7] (Mo.1970).'

See also *State v. Watson,* 364 S.W.2d 519, 522 (Mo.1963); *State v. Barton,* 142 Mo. 450, 44 S.W. 239 (Mo.1898); *State v. Schloss,* 93 Mo. 361, 6 S.W. 244 (Mo.1887); *State v. Webb,* 518 S.W.2d 317 (Mo.App. 1974)." (Emphasis added). *State v. Mallett,* 542 S.W.2d 584, 588 (Mo.App.1976) quoting *State v. Taylor,* 498 S.W.2d 614, 617 (Mo.App.1973).

See also *State v. Holt,* 559 S.W.2d 44, 46 (Mo.App.1977). These cases hold, in effect, that the performance of duty element is an essential element.

Finally, in *State v. Briggs,* 435 S.W.2d 361, 365–66 (Mo.1968), where the main verdict directing instruction failed to use the exact language of the statute as the information had done, but it did require a finding that the officer "was actively engaged in the performance of the duties of a police officer," required a finding by the jury that the officer was performing those duties imposed on him by law. See generally, *Kansas City v. LaRose,* 524 S.W.2d 112 (Mo. banc 1975).

The attempted amendment of the information by the plaintiff City eight days prior to trial would have the effect of charging a new and different offense, which even the most liberal of readings of an attempted amendment to an information would not allow. See *State v. Jarrett,* 481 S.W.2d 504, 507 (Mo.1972) and *State v. Gardner,* 522 S.W.2d 323, 324 (Mo.App.1975).

Kansas City attempts to argue that defendant has not shown that he was prejudiced by the amendment. However, *Johnson v. State,* 485 S.W.2d 73, 75 (Mo.1972), and other cases make it clear that where an amendment charges a new offense, the defendant is prejudiced.

The information was fatally defective in charging the defendant with a violation of Ordinance 26.35(a). *City of Green Ridge, supra.* The municipal court acquired no jurisdiction to proceed by an information which was fatally defective and the conviction of the defendant was, therefore, a nullity. *City of Mexico, Missouri, supra; City of Green Ridge, supra; State v. Osborn,* 526 S.W.2d 37, 39 (Mo.App.1975); and *State v. Jones,* 570 S.W.2d 336, 337 (Mo.App.1978).

The judgment and conviction is reversed.

All concur.