CITY OF CLINTON, Missouri, Respondent,

v.

Billy Lee KAMMERICH, Appellant.

No. WD 33264.

Missouri Court of Appeals, Western District.

Oct. 26, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Nov. 30, 1982.

Dan K. Purdy, Osceola, for appellant.

John A. Sanders and Gary V. Cover, Clinton, for respondent.

Before MANFORD, P.J., and WASSERSTROM and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a judgment of conviction for violation of municipal ordinances related to driving while intoxicated and common assault. The judgment is affirmed in part and reversed in part.

Three points are presented, which in summary charge the trial court erred in entering its judgment because (1) the information charging common assault was insufficient; (2) the evidence is insufficient to support a finding of common assault; and (3) the evidence was insufficient to support a finding that appellant was driving while intoxicated. It will be observed infra that point (2) is not reached by this court because of the disposition made relative to point (1).

This cause was tried to the court without a jury. The record reveals that appellant and three others went to a local pizza establishment in Clinton, Missouri at about 8:00 p.m. the evening of April 25, 1981. In addition to eating, the four persons consumed three or four pitchers of beer. Appellant admitted to drinking "a pitcher or a pitcher and a quarter ... you know [a] pitcher and a half." The four then left the restaurant to pick up another person so that the latter could go for a ride in appellant's pickup. The evidence reveals that appellant operated his pickup at a high rate of speed prior to his encounter with local police. At about 8:55 p.m., appellant's pickup was observed by the arresting officer. This officer testified that he observed appellant operating the pickup on a local street. He observed appellant turn the pickup east from one street onto another, accelerate very heavily, causing the tires to spin and the rear of the pickup to slide sideways. The officer then turned on his emergency lights and pursued the pickup to a mobile home park a short distance from where he first observed the pickup. That appellant was operating the pickup is not disputed. The officer requested appellant to display his operator's license, which appellant did. The officer then asked appellant to participate in two field sobriety tests. The officer testified that when he first encountered appellant, there was a strong odor of alcohol upon appellant. The officer stated he asked appellant to count backward from 100 and to walk heel to toe. The officer testified that appellant could not perform either test. Appellant's explanation was that he thought the officer asked him to count backward from 175 and as to the heel-to-toe test, he could not perform that because he was wearing high heeled boots and the area was covered by "large-size" gravel.

The officer placed appellant under arrest for driving while intoxicated and transported him to the local police station. At the station, a breathalyzer test was given to appellant. The record contains extensive testimony (both by direct and cross-examination) relative to the qualifications of the officer and the procedures followed in administering the breathalyzer test. The evidence reveals that the blood alcohol content of appellant was .18.

Following the breathalyzer test, an altercation ensued between appellant and the arresting officer. The evidence was controverted as to how and why and under what circumstances this altercation occurred. Further consideration of the facts relative to that issue is unnecessary because of the disposition of points (1) and (2) herein. However, it should not be construed that this court has reached or decided the question of the sufficiency of the evidence concerning the charge of assault.

The evidence closed and judgment was entered which found appellant guilty of driving while intoxicated and common assault. This appeal followed.

Under point (1), appellant charges that the information relative to the charge for common assault was insufficient because the information failed to set forth essential facts to constitute the offense charged. Appellant cites to this court Rule 37.18.

■ Review of the information charging common assault reveals it is fatally defective on its face. The information does not even attempt to comply with the rule as it contains no facts, let alone essential facts, which are alleged to have constituted the offense of common assault. The information merely charges appellant (by name):

"[C]ontrary to and in violation of section 250.030 or Ordinance No. _____, of the City of Clinton, Missouri, _____, did then and there wrongfully, unlawfully, and willfully
Common Assault      Refer to 81–017CP
against the peace and dignity of the City."

The copy of the information provided this court contains the name of the complaining officer in typewritten form, but does not even contain his signature upon the affidavit which is part of the information.

■ Respondent attempts to convince this court that appellant waived his challenge to the sufficiency of the information. Respondent argues that informations charging violations of city ordinances are not held to the same rule of strictness as are charges presented in criminal cases. Respondent's argument is correct, but it is also the law in our state that an information filed alleging a violation of an ordinance must contain a concise statement of essential facts. *Kansas City v. Mathis,* 409 S.W.2d 280, 289 (Mo.App.1966), citing *City of Raytown v. Roach,* 360 S.W.2d 741 (Mo. App.1962) and *Kansas City v. Franklin,* 401 S.W.2d 949 (Mo.App.1966) and Rule 37.18. The questioned information contains no facts, let alone essential facts, and is patently defective. Respondent further contends that appellant waived his challenge to the information because prior to trial, he waived presentation, reading and arraignment under the information. A waiver of the sufficiency of the information filed pursuant to an alleged violation of a municipal ordinance can occur. *Kansas City v. LaRose,* 524 S.W.2d 112 (Mo. banc 1975). In *LaRose* at 116, our state Supreme Court ruled:

"We rule that the information was sufficient. Rule 37.18, V.A.M.R., provides that an information in municipal courts shall be a definite written statement of the essential facts constituting the offense charged. This court has held that in this type of case the same strictness is not required as in a criminal prosecution and that a complaint is ordinarily sufficient if it describes the act complained of in the language of the ordinance. *City of Springfield v. Stevens,* 358 Mo. 699, 216 S.W.2d 450 (1949); *City of St. Joseph v. Blakley,* 486 S.W.2d 511[5] (Mo.App.1972). In the instant case the charge substantially follows the words of the ordinance. It would have been more complete if it had named the officer involved and the person he sought to arrest. If defendant, however, had desired more detailed infor-

mation she should have filed a motion seeking a bill of particulars or a more definite statement. We have said that 'When a defendant does not request a bill of particulars or otherwise attack the sufficiency of an information prior to judgment, he waives any claim he may have had for a more definite and certain statement of the offense or cause of action alleged.' *Kansas City v. Stricklin,* 428 S.W.2d 721, 726 (Mo.1968)."

*LaRose* should not be misconstrued, however, because the court in that case, before taking up and ruling the question of waiver, determined the information on its face was sufficient under the rule. The waiver addressed in *LaRose* went to matters additional to the bare minimum required under the rule relative to essential facts. Respondent also cites to this court *City of Green Ridge v. Brown,* 523 S.W.2d 609 (Mo.App. 1975) for the proposition that the same "strictness" as to municipal informations is not required as under criminal proceedings. *City of Green Ridge* does discuss the "strictness" question, but it should be noted this court reversed the conviction in that case for failure of the information to contain essential facts relative to the abatement of a nuisance prior to charging one with a nuisance (noise) as required by the ordinance.

There is no issue of waiver in this case on the charge of common assault because of the insufficiency of the information on its face to comply with Rule 37.18 and authority thus interpreting said rule.

The judgment, as it relates to appellant's conviction for common assault, is reversed. As noted, because of the disposition of this offense on the basis of the insufficiency of the information, this court does not reach or rule the issue of whether the evidence was sufficient to sustain the conviction for common assault and that issue is not decided by this opinion.

Point (1) is sustained to appellant's favor, and the judgment relating to conviction for common assault is reversed.

Because of the disposition of point (1) above, it becomes unnecessary to take up and rule appellant's point (2).

Under his final point, appellant charges that the evidence was insufficient to support that portion of the trial court's judgment finding appellant operated a motor vehicle while intoxicated.

This court cannot agree with appellant's contention that the evidence was insufficient to support a finding that appellant operated his pickup truck while intoxicated. Appellant's argument is premised upon his conclusion that there is no evidence showing the breathalyzer machine was operating properly and hence, no proper foundation for the results of the test was presented. Appellant contends that he merely refused to continue the counting exercise (field sobriety test) and that his foot went "sideways" while performing the heel-to-toe test (field sobriety test).

Appellant fails to acknowledge other evidentiary facts bearing on the issue. These include the officer's testimony of observing a strong smell of alcohol upon appellant's person as appellant alighted from his pickup truck; the officer's testimony that appellant was unable to perform the field sobriety tests; the testimony of the officer relative to his observations of appellant operating his pickup truck; the testimony regarding the qualifications of the officer as a Type III operator of the machine; the testimony that the officer followed a checklist procedure; the testimony of another officer that the machine was tested some four days prior and found to be operating properly; testimony of the testing officer that the test was conducted in conformity with required procedures; that nothing unusual occurred during the administration of the test; and appellant's admission of the amount of beer he had consumed prior to his arrest. Appellant would have this court, as a matter of law, declare the evidence insufficient to support a finding that he was driving his pickup while intoxicated. Appellant cites to this court *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and this court agrees that the rule in *Murphy v. Carron* applies, as this is a case in the nature of a civil and not a criminal proceeding.

Appellant's point (3) is found to be without merit because this court does not agree with appellant that there was an insufficient foundation for the introduction and receipt of the breathalyzer test. Furthermore, under Rule 73.01 and *Murphy v. Carron,* this court defers all issues of fact, including the demeanor and credibility of witnesses to the trial court, and a judgment of the trial court will not be set aside unless that judgment is found to be against the weight of the evidence, there is no substantial evidence to support it, or the judgment either erroneously declares or applies the law. As related to that portion of the trial court's judgment convicting appellant of driving while intoxicated, there is nothing upon this record which warrants reversal upon any of the four principles announced in *Murphy v. Carron, supra.*

That portion of the trial court's judgment as regards appellant's conviction for common assault is, because of the insufficiency of the information on that charge, reversed.

That portion of the trial court's judgment as regards appellant's conviction and sentencing for driving while intoxicated is in all respects affirmed.

All concur.