**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Ted Ray POWELL,**
**Defendant-Appellant.**

**No. 14702.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 23, 1986.

L.R. Magee, Hines & Magee, Kansas City, for defendant-appellant.

No appearance for plaintiff-respondent.

PREWITT, Presiding Judge.

Defendant was found guilty after nonjury trial "of Passed Vehicle Within 100 feet of Intersection as charged in the information".

Although appellant does not challenge the information on appeal and in his brief states that it is sufficient, it is this court's duty to determine the sufficiency of the information. Rule 30.20; *State v. Rose,* 428 S.W.2d 737, 741 (Mo.1968); *State*

*v. Eckard,* 655 S.W.2d 596, 597 (Mo.App. 1983); *City of Kansas City v. Harbin,* 600 S.W.2d 589, 592 (Mo.App.1980). The information must allege the essential facts constituting the offense sought to be charged. *City of Kansas City v. Harbin, supra,* 600 S.W.2d at 592. The information is reproduced in the record as follows:

**550**

MOMHP0 – MISSOURI HIGHWAY PATROL
STATE O SSOURI
IN CIRCU COURT OF *M. K. Williams*

**8407 ?862**

*Jasper* COUNTY *Assoc.* DIVISION

UNDERSIGNED POLICE OFFICER STATES THAT

| on or about (date) | upon/at or near (location/log pt.) | at (time) | ☑ AM ☐ PM |
|---|---|---|---|
| 08·08·85 | M 96 ½ Carthage | 5:40 | |

WITHIN COUNTY AND STATE AFORESAID

Name (last, first, middle)
*Powell, Ted Ray*

Street Address
*P. O. Box 43*

| City | State | Zip |
|---|---|---|
| *Buckner* | *mo* | *64016* |

| Date of Birth | Age | Race | Sex | Height | Weight |
|---|---|---|---|---|---|
| 01·21·57 | (28) | W | M | 6 | 200 |

Driver's Lic. No.   *P158·5013·4895·2105*   State *mo*

*Dept. of Revenue Use Only — Do not write in this space.*

Employer *Flemming Burbach* | Street Address

| City | State | Zip |
|---|---|---|
| *Riverside* | *mo* | |

DID UNLAWFULLY  ☐ OPERATE  ☐ PARK

| V E H | Year/Make | Model | Style | Color |
|---|---|---|---|---|
| | 1984 KW | DS | Blk |  |
| L I C | Number | State | Year | |
| | 78 333 | mo | 85 | |

AND THEN AND THERE DID COMMIT THE FOLLOWING OFFENSE TO WIT:

Description of Violation
*Passed veh. at or within 100 ft of intersection.*

*(accident)*

| Driving | MPH when limited to | MPH |
|---|---|---|
| Detection Method | | ☐ watch (air)   ☐ pace |
| ☐ stationary radar  ☐ moving radar | ☐ watch (ground) | ☐ other |

In violation of  ☐ RSMo. Mo. Charge Code  ☑ in accident
*3c4'616*  ☐ Ord. *47300056*   ☐ DWI/BAC

THE ABOVE COMPLAINT IS TRUE AS I VERILY BELIEVE.

Officer *G. E. Keeler Sgl*   Badge *441*

SWORN TO BEFORE ME THIS DATE
Name & Title   Date

I promise to dispose of the charges of which I am accused through court appearance or prepayment of fine and court costs.

Signature X *Ted R. Powell*

| Court Date | Court Time | ☑ AM ☐ PM |
|---|---|---|
| 08·26·85 | 9:00 | |

Street Address *Courthouse*   City *Carthage*

ON INFORMATION, UNDERSIGNED PROSECUTOR COMPLAINS AND INFORMS COURT THAT ABOVE FACTS ARE TRUE AS HE VERILY BELIEVES.

Prosecutor's Signature   Date

Form 37:1162A

**8407368862**

If defendant committed an offense it was driving a vehicle to the left side of the roadway "when approaching within one hundred feet of or at any intersection". § 304.016.4(2), RSMo 1978. The relevant part of that section states:

4. No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

\*　　\*　　\*　　\*　　\*　　\*

(2) When the view is obstructed upon approaching within one hundred feet of any bridge, viaduct, tunnel or when approaching within one hundred feet of or at any intersection or railroad grade crossing.

The predecessor to § 304.016.4(2), RSMo 1978, was § 304.020(5), RSMo 1949. It provided, "that no operator or driver shall pass a vehicle ... while the vehicle is crossing an intersecting highway." Passing another vehicle or at least starting to pass was required for an offense under that statute. See *Purdy v. Moore*, 224 S.W.2d 838, 841 (Mo.App.1949). This has been changed. Passing another vehicle is not an element of the offense under § 304.016.-4(2), RSMo 1978. *Roach v. Lacho*, 402 S.W.2d 344, 348 (Mo.1966).

Obviously, a vehicle can pass another within one hundred feet of or at an intersection and not be in violation of § 304.016, RSMo 1978. It is an offense only if the defendant's vehicle is driven to the left side of the roadway. The information did not state that defendant drove to the left side of the roadway. This is a necessary element. Referring to § 304.-016, RSMo 1978, does not supply the missing facts. The failure to state facts constituting an offense is not cured by citing the statute number under which the charge is attempted to be lodged. *State v. Gilmore*, 650 S.W.2d 627, 629 (Mo. banc 1983). See also *City of Kansas City v. Harbin*, supra, 600 S.W.2d at 592. In view of this essential omission, other deficiencies in the information need not be discussed.

The judgment is reversed and remanded with the trial court ordered to dismiss the cause.

HOGAN, FLANIGAN and MAUS, JJ., concur.