**CITY OF PECULIAR, Missouri, A Municipal Corporation, Respondent,**

v.

**James M. DORFLINGER, Appellant.**

**No. WD 37551.**

Missouri Court of Appeals, Western District.

Nov. 18, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1986.

Application to Transfer Denied Feb. 17, 1987.

Ken Seck, Overland Park, Kan., Leon B. Seck, Kansas City, for appellant.

James E. Thompson, Jr., Harrisonville, for respondent.

Before CLARK, C.J., and SHANGLER and NUGENT, JJ.

CLARK, Chief Judge.

James M. Dorflinger was charged and convicted of violating the zoning ordinance of the City of Peculiar in that he constructed a utility shed on a lot not authorized for that use. The penalty was a fine of $200.00. Dorflinger appeals contending the trial court erred (a) in failing to recognize that it had no jurisdiction because the complaint was defective; (b) in permitting the city to use a witness whose name had not previously been disclosed, and; (c) in receiving in evidence a land survey which had not been properly qualified. Affirmed.

The facts, essentially undisputed, are that Dorflinger owns two platted lots in Peculiar, Lots 13 and 14, Lea Land. The Dorflinger residence is on Lot 14 while Lot 13 is unimproved. Dorflinger sought a permit to erect a shed building on Lot 13, but the permit was denied because the city zoning ordinance authorizes such structures only as an accessory use on a lot occupied by a residence. The application was then amended and a permit was issued to construct the shed on Lot 14. Despite the specification of the permit as applicable to construction on Lot 14, Dorflinger placed the shed on Lot 13. A charge was filed against Dorflinger in the municipal court of Peculiar setting out two offenses in connection with the shed construction, the first being that Dorflinger had violated the ordinance by building the shed on a lot not occupied by a residence. The second offense was a violation of the building permit in placing the shed structure on a different lot from the location authorized under the permit. The conviction was for the first charged offense, the permit violation having been dismissed by the City.

The first point on appeal argues that the trial court lacked jurisdiction because of a defect in the complaint and in the second point, appellant raises the same argument based on alleged defects in the information. The contentions will be considered conjunctively.

Proceedings in the case were started by the presentation to the police judge of Peculiar of a document entitled Affidavit and Complaint for City Warrant. Although the charge was indicated on the complaint to be lodged by W.C. Jones, a building inspector for Peculiar, Jones' signature did not appear and there was no acknowledgement. A summons issued and was served on Dorflinger who signed a promise to appear. Dorflinger disqualified the judge of the police court and the case was ultimately heard by Associate Circuit Judge Campbell and a jury. Before trial commenced, W.C. Jones was permitted to sign the complaint and his signature was acknowledged. Appellant says the failure of signatures to be originally applied conferred no jurisdiction on the court to hear the case and the defect was not remedied by the tardy additions.

Appellant cites no authority for the contention referring only to Rules 37.18 and 37.31 (1985). A proceeding on a defective complaint shall not be stayed, arrested or affected by any defect or imperfection which does not tend to prejudice the substantial rights of the defendant on the merits. Rule 37.28 (1985). Dorflinger makes no attempt to show how the absence of Jones' signature or the lack of an acknowledgement adversely affected his case or prejudiced him in his defense. The point therefore warrants no relief.

In the second prong of the jurisdictional attack, appellant says the information filed by the city attorney was defective in that it was not dated and after amendment on the date of trial, it did not inform defendant of the charge with particularity of the facts on which it was based.

The material portion of the information charged that on June 18, 1984 in the City of Peculiar, defendant "did then and there unlawfully construct a utility shed on Lot 13, Lea Land, in violation of the zoning ordinance of the City of Peculiar, Ordinance Number 120379 of said city." Prior to amendment on the eve of trial, the charge included the added phrase, "without having obtained a valid building permit." Appellant says the information as amended contained no allegations of facts and he was therefore not apprised of the exact nature of the charge he faced.

The definitive case on sufficiency of informations in municipal prosecutions is *Kansas City v. LaRose*, 524 S.W.2d 112 (Mo. banc 1975). Defendant there was charged with disorderly conduct and hindering and interfering with a police officer. The information alleged, after naming the place and date of the offense, that defendant did, "[h]inder and interfere with a K.C. Mo. Police Officer who was in the discharge of his official duties by attempting to prevent a party from being arrested by that officer," citing the applicable ordinance. The defendant complained that the information was insufficient in that it failed to allege the essential facts and specific conduct of defendant claimed to be in violation of the ordinance. The court held the detail to be adequate, noting that in municipal ordinance violation cases, the content of the information is not reviewed with the same strictness as in criminal prosecutions. If the minimum detail appearing in the information is not adequate for preparation of a defense, the person charged may always seek a bill of particulars. Where the defendant does not attack the sufficiency of the information prior to judgment, he waives any claim he may have had for a more definite and certain statement of the offense. *Kansas City v. LaRose, supra* at 116, citing *Kansas City v. Stricklin*, 428 S.W.2d 721, 726 (Mo.1968).

Appellant cites *City of Clinton v. Kammerich*, 642 S.W.2d 353, 355 (Mo.App. 1982) for its statement "that an information filed alleging a violation of an ordinance must contain a concise statement of essential facts," and from this argues that here, as in the cited case, the information contained no facts. The cases are not comparable. In *City of Clinton, supra* at 355 the information seems to have been a form without completion of blank spaces left for details and read "[c]ontrary to and in violation of section 250.030 or Ordinance No. ____, of the City of Clinton, Missouri, ____, did then and there wrongfully, unlawfully, and willfully ____ Common Assault ____ Refer to 81-017CP ____ against the peace and dignity of the City." As the court held, there were no facts stated at all, merely a complaint that Kammerich had committed common assault.

The information in the present case does allege facts and, indeed, probably all the facts which could be set out pertinent to the charge made. Dorflinger was made aware that his offending conduct was the construction June 18, 1984 of a utility shed on Lot 13, Lea Land contrary to the city zoning ordinance. He contends the information does not advise him how the shed was in violation, but that was a matter for a bill of particulars if he was in any doubt, a somewhat sophistical claim in this situation. The zoning law simply did not permit a structure of this type to be built on an otherwise unimproved lot. It was enough for the information to allege, as it did, that Dorflinger violated the ordinance when he built the shed on that lot.

■ Under his second point of error, appellant also claims the information was defective because no prosecution witnesses were endorsed. He says he was surprised when the city called Roy Obermiller, a land surveyor, who testified as to the location of Lot 13 and the shed. The point has no merit because endorsement of prosecution witnesses is not required in municipal ordinance violation cases. *Kansas City v. Stamper*, 528 S.W.2d 769, 772 (Mo.App. 1975).

In his final point, appellant contends the trial court erred in its admission of plaintiff's exhibit 6, a land survey which showed the locations of Lots 13 and 14 and the

shed situated on Lot 13. The argument is based on assertions that the exhibit was a copy and not admissible in place of the original, that the witness who testified was not the author of the document and that no foundation had been laid for admission of the exhibit.

 We agree that the exhibit was not properly admissible in evidence over objection. Examination of the document shows it to have been reproduced from the original by some photographic duplicating process. Although a carbon copy or "duplicate original" of a document is in fact an original instrument and is admissible in evidence without demonstrating the unavailability of the original, *Schroer v. Schroer*, 248 S.W.2d 617, 622 (Mo.1952), a duplicated copy, such as here, is not admissible under the best evidence rule. *Layman v. Southwestern Bell Telephone Co.*, 554 S.W.2d 477, 482 (Mo.App.1977). This conclusion, however, does not aid appellant's case.

Exhibit 6 was used by witness Obermiller to explain his testimony regarding the location of Lots 13 and 14 and the position of the shed. Obermiller was himself a licensed surveyor and had made his own inspection of the property using the government marker as a point of beginning. He testified from personal observation to the same detail as appeared on Exhibit 6. Moreover, appellant himself testified that the shed was built on Lot 13 and that the shed was the only structure on that lot.

 What has been said with regard to objection to Exhibit 6 under the best evidence rule also applies to the other objections. Whether the witness Obermiller was a competent witness to testify regarding the exhibit, which did not bear his signature, and whether an adequate foundation was laid, are issues of no moment in view of the other evidence demonstrating beyond any doubt the accuracy of what was depicted on the exhibit. Even were the exhibit to have been erroneously admitted, that evidence was not prejudicial to appellant because there was no issue of

contested facts associated with the locations depicted on the survey. The error does not entitle appellant to any relief.

The judgment is affirmed.

All concur.